OPINION OF THE COURT
Marquette Floyd, J.
The defendant is charged in a prosecutor’s information with criminal trespass, second degree (Penal Law § 140.15), and criminal mischief, fourth degree (Penal Law § 145.00 [1]), both of which offenses are misdemeanors, and he moves to dismiss this prosecution on the ground the accusatory instrument is defective for failure to satisfy the requirements of CPL 100.40 (see, CPL 170.30 [1] [a]; 170.35 [1] [a]). Alternatively, he seeks dismissal on the ground this prosecution was not commenced within two years after the offenses were committed. The court *905 will evaluate the challenge to the sufficiency of the accusatory instrument under CPL 100.40 first.
The defendant avers that the instrument does not meet the requirements for informations set down in CPL 100.40 (1). However, the accusatory instrument before the court is not an information. It is a prosecutor’s information, filed following a hearing held pursuant to CPL 180.50. The sufficiency requirements of CPL 100.40 (3) apply. Because the accusatory instrument satisfies these criteria, the motion to dismiss for defectiveness is denied. The court next considers the timeliness contentions of the defendant.
The offenses allegedly were committed on November 2, 1984, and this prosecution commenced approximately three years later on November 17, 1987, when the People filed a felony complaint charging the defendant with burglary, second degree (Penal Law § 140.25 [2]; see, CPL 1.20 [17]), a class C felony which must be commenced within five years after the alleged crime is committed (CPL 30.10 [2] [b]). About one month later, on December 14, 1987, following a hearing, the People filed the present prosecutor’s information pursuant to CPL 180.50 and the felony complaint was dismissed.
The People, applying the five-year Statute of Limitations period applicable to the burglary offense, reason that the prosecution is timely because the felony complaint had been filed within five years after the alleged criminal conduct was committed. However, the defendant is no longer charged with burglary. The present charges are misdemeanors, and so the two-year limitations period applies. Since the conduct from which these charges arose occurred more than two years before the prosecutor’s information was filed, the only question is whether the tolling provision of CPL 30.10 (4) (b) saves this prosecution. Under this section, limitations periods may be suspended when a prosecution is begun within the time permitted for the offense originally charged, but the accusatory instrument is thereafter dismissed by an authorized court "under * * * circumstances permitting the lodging of another charge for * * * an offense based on the same conduct”. The reduction of a felony charge pursuant to CPL 180.50 is such a circumstance. However, the suspension of CPL 30.10 (4) (b) does not save the prosecution sub judice, for the statute only serves to exclude "the period extending from the commencement of the * * * defeated prosecution to the dismissal of the accusatory instrument”. It does not revive the limitations period of the second set of charges if it had already expired *906 when the prosecution for the felony first began. Otherwise, the Statute of Limitations for misdemeanors and petty offenses would be nullified by the simple expedient of charging a felony and later reducing the offense.
This prosecution was not commenced within two years of the occurrence from which it arises. It is untimely. The motion to dismiss is granted.