OPINION OF THE COURT
Joseph A. Grosso, J.
The defendant was originally charged in a felony complaint with robbery in the first degree, robbery in the second degree, assault in the first degree, assault in the second degree and criminal possession of stolen property. The felony affidavit was signed by the complainant on December 20, 1990. The defendant was arraigned on the felony complaint on December 21, 1990. The robbery in the first degree and assault in the first degree charges were dismissed on December 26, 1990 and the remaining felony charges were reduced pursuant to CPL *584 180.50 on that date. The criminal event complained of is alleged to have occurred on August 15, 1987. The defendant now moves for an order dismissing the misdemeanor information pursuant to CPL 170.30 (1) (d) and CPL 30.10, contending that the two-year Statute of Limitations for misdemeanors rather than the five-year Statute of Limitations for felonies is applicable to this prosecution making the prosecution time barred.
A felony complaint serves to commence a criminal action (CPL 1.20 [8]). CPL 30.10 (1) states that a criminal action must be commenced within the period of limitation prescribed in the ensuing subdivisions of this section. A "criminal action” commences with the filing of an accusatory instrument and includes the filing of all further accusatory instruments directly derived from the initial one (CPL 1.20 [16], [17]).
The felony complaint in this case was facially sufficient and clearly established a basis for all the felony charges contained therein and it was filed within five years of the alleged criminal incident. I hold that the filing of the felony complaint commenced the criminal action for all purposes and that once properly commenced, no violation of the Statute of Limitations may be established (see, Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 30.10, at 115). The reduction of the felony charges to misdemeanor charges pursuant to CPL 180.50 does not constitute the commencement of a new criminal action. Thus, where a basis for felony charges is clearly established by the factual allegations of a felony complaint, the filing of a felony complaint serves to stop the running of the Statute of Limitations on all accusatory instruments directly derived from it. Thus, the prosecution of misdemeanor charges stemming from an alleged August 1987 incident is not time barred.
I am mindful of several lower court decisions to the contrary (see, e.g., People v Crosby, 140 Misc 2d 904 [Dist Ct, Suffolk County 1988]; People v Soto, 76 Misc 2d 491 [Crim Ct, Bronx County 1974]). I choose not to follow the reasoning therein.
Accordingly, the defendant’s motion to dismiss the accusatory instrument as time barred by the Statute of Limitations is denied. Defendant, however, is granted leave to move before me to dismiss the accusatory instrument pursuant to CPL 30.20, 30.30 or other appropriate statutory provision should a basis for such relief exist.