■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARRY BRUNSKILL, Appellant. [597 NYS2d 89] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Namm, J.), rendered September 30, 1991, convicting him of driving while impaired, aggravated unlicensed operation of a motor vehicle in the first degree, and crossing over official markings.

Ordered that the judgment is reversed, on the law, the indictment is dismissed, and the matter is remitted to the County Court, Suffolk County, for entry of an order in its discretion pursuant to CPL 160.50.

The defendant was originally arraigned in the District Court of Suffolk County, First District, on January 24, 1989. The People announced their readiness for trial on the misdemeanors only, and the case was adjourned until January 30, 1989.

The matter was presented to a Grand Jury on April 11, 1989. The Grand Jury voted to indict, and an indictment was filed on April 14, 1989. The defendant was scheduled to be arraigned on the indictment in the County Court on May 1, 1989. However, he failed to appear on that date and the County Court issued a bench warrant.

In the meantime, the defendant had been appearing at regular intervals in the District Court, but there is no evidence in the record as to what occurred there until April 17, 1989, after the indictment had been filed in the County Court, when the defendant appeared in the District Court and was granted an adjournment until June in order to secure counsel. The defendant appeared in the District Court again on June 16, 1989, after a bench warrant had been issued by the County Court, and was granted another adjournment, this time until August 15, 1989. The Assistant District Attorney who was present in the District Court on June 16, 1989, made no mention of the pending warrant. The defendant retained an attorney in the first week of August 1989. The defendant thereafter appeared for arraignment on the indictment in the County Court. At this time, on August 16, 1989, the People announced that they were ready for trial.

As can be seen from the foregoing chronology, the People did not announce that they were ready to bring the defendant to trial on the indictment within six months of the filing of the original accusatory instrument (see, CPL 30.30 [1] [a]; *People v Sinistaj,* 67 NY2d 236; *People v Osgood,* 52 NY2d 37; *People v Lomax,* 50 NY2d 351; *People v Kanter,* 173 AD2d 560). The People exceeded the six-month deadline, and, in opposing the defendant's motion to dismiss (see, CPL 30.30), they bore the burden of showing that sufficient days were chargeable to the defendant to come within the six-month deadline (see, CPL 30.30 [4]; *People v Kendzia,* 64 NY2d 331, 338; *People v Berkowitz,* 50 NY2d 333, 349). The People failed to meet that burden.

In the County Court, the People's primary argument was that all of the delay which occurred after the issuance of a warrant by the County Court was excludable pursuant to CPL 30.30 (4) (c), and they continue to advance this argument on

appeal. However, in light of the recent decision of the Court of Appeals in *People v Bolden* (81 NY2d 146, *revg* 174 AD2d 111), it is clear that the issuance of a warrant by itself does not justify the exclusion of time pursuant to CPL 30.30 (4) (c). Because the People failed to show due diligence, the time which elapsed following the issuance of the warrant is not excludable *(see, People v Bolden, supra).*

The People also argue that at least 23 days may be charged to the defendant because of the adjournments which he requested in the District Court on April 17 and June 16, 1989, for the purposes of securing counsel *(see,* CPL 30.30 [4] [b], [f]). However, the proceedings in the District Court which occurred on April 17, 1989, and thereafter, were a nullity, since the defendant had been indicted *(see,* CPL 170.20 [1], [2]; *Matter of Moss v Vaughn,* 164 AD2d 958; *People v Phillips,* 66 AD2d 696, *affd* 48 NY2d 1011). We therefore reject this alternative argument.

For these reasons, the defendant's motion to dismiss the indictment on statutory speedy trial grounds is granted. Bracken, J. P., Lawrence, Copertino and Pizzuto, JJ., concur.