OPINION OF THE COURT
Zelda Jonas, J.
On April 8, 1996, the People filed a felony complaint under docket number 11247 charging the defendant with two felony counts of assault in the second degree that were allegedly committed on August 21, 1992. The first count charged the defendant with the class D violent felony of assault in the second degree, pursuant to Penal Law § 120.05 (1), for allegedly caus *593 ing serious physical injury to George O’Leary by kicking and punching him about the head. The second count charged the defendant with the class D violent felony of assault in the second degree, pursuant to Penal Law § 120.05 (2), for allegedly causing physical injury to Seth Horowitz by means of a dangerous instrument, to wit, a fence post.
On June 19, 1996, the People presented two counts of assault in the second degree (one count as to each victim), pursuant to Penal Law § 120.05 (1), together with the lesser included charge of assault in the third degree (Penal Law § 120.00 [1]) and instructed the Grand Jury to dismiss the charge of assault in the second degree, pursuant to Penal Law § 120.05 (2), contained in count two of the felony complaint. On June 26, 1996, the defendant was charged with assault in the second degree (Penal Law § 120.05 [1]), a D violent felony offense, under count one of the indictment, and assault in the third degree (Penal Law § 120.00 [1]), an A misdemeanor, under count two of the indictment, which was the lesser included offense of assault in the second degree, a D violent felony. On July 3, 1996, the defendant was arraigned upon the indictment.
The defendant has made a motion to dismiss the second count of the indictment charging the defendant with the crime of assault in the third degree (Penal Law § 120.00 [1]), an A misdemeanor, upon the ground that the prosecution of such count is barred by the two-year Statute of Limitations for the prosecution of a misdemeanor (CPL 30.10 [2] [c]).
The People filed an affirmation in opposition arguing that the prosecution of the misdemeanor offense of assault in the third degree is not barred by the Statute of Limitations since the misdemeanor assault charge is a lesser included offense of the felony charge of assault in the second degree which was included in the second count of the felony complaint that was timely filed in accordance with the five-year Statute of Limitations for prosecution of felonies (CPL 30.10 [2] [b]). The People cite People v Norman (150 Misc 2d 583, 584) in support of this proposition. In Norman (supra), the court held that the reduction of felony charges contained in the felony complaint to misdemeanor charges, pursuant to CPL 180.50, did not preclude the People from prosecuting the defendant on the newly filed misdemeanor information since the timely filing of the felony complaint stopped the running of the Statute of Limitations on all accusatory instruments directly derived from it (supra).
In his reply, defense counsel argues that People v Norman (supra) is inapplicable to the facts of this case since the felony *594 charge of assault in the second degree was not reduced to assault in the third degree, pursuant to CPL 180.50, but was "rejected” by the Grand Jury. Counsel elaborates further: "It is respectfully submitted that the distinction between a reduction pursuant to 180.50 of the Criminal Procedure Law and the Grand Jury rejecting a felony charge is significant” (defendant’s reply affirmation, at 2 [emphasis added]). The defense also cites People v Crosby (140 Misc 2d 904), whereby the District Court of Suffolk County, on facts similar to those presented in People v Norman (supra), barred prosecution of misdemeanor charges on a prosecutor’s information where the charges were reduced from a felony complaint, pursuant to CPL 180.50, and the two-year Statute of Limitations for prosecuting misdemeanor offenses had expired (People v Crosby, supra, at 905).
Reference is also made by the defense to People v Hughes (220 AD2d 529, 532) where the Court held that a defendant could not be convicted of misdemeanor offenses barred by the Statute of Limitations since the time-barred misdemeanor charges were not valid lesser included counts of the felony offenses named in the indictment.
CPL 30.10 sets forth the Statute of Limitations for prosecution of several classifications of offenses. The provisions applicable to this case provide as follows: "[a] criminal action must be commenced within the period of limitation prescribed in the ensuing subdivisions of this section” (CPL 30.10 [1]); "[a] prosecution for any other felony [not a class A felony] must be commenced within five years after the commission thereof’ (CPL 30.10 [2] [b]); "[a] prosecution for a misdemeanor must be commenced within two years after the commission thereof’ (CPL 30.10 [2] [c]).
The crimes charged against the defendant, in the felony complaint and in the indictment, were allegedly committed on August 21, 1992.
The felony complaint was facially sufficient and established a basis for commencement of the criminal action on both of the felony assault charges contained therein (CPL 100.15).
The People filed the felony complaint on April 8, 1996 charging the defendant with the two felony assault counts which effectively commenced the criminal action within the five-year period of the Statute of Limitations for the prosecution of felonies (CPL 1.20 [8]). The subsequent filing of the indictment against the defendant on June 26, 1996 is directly derived from the felony complaint. Therefore, the prosecution upon the *595 felony charge in the indictment is deemed to have commenced on the date the felony complaint was filed (CPL 1.20 [16], [17]). There is no argument that the filing of the felony complaint tolled the time on the Statute of Limitations not only for offenses contained in the felony complaint, but also for all felony offenses contained in the accusatory instruments directly derived from it. (See, Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 30.10, at 136.)
The question then presented is whether the filing of the felony complaint stops the Statute of Limitations from running on the prosecution for the misdemeanor offense of assault in the third degree charged under count two of the indictment. The misdemeanor offense charged in the indictment was the result of the action of the Grand Jury which reduced the offense of assault in the second degree to the lesser included offense of assault in the third degree. Clearly, if the People had commenced a criminal action to prosecute the defendant by a prosecutor’s information on the misdemeanor offense on April 8,1996, the prosecution would be barred by the Statute of Limitations since it would be beyond the two years since the commission of the alleged crime.
The cases cited by the defense counsel to preclude prosecution on the misdemeanor assault charge under the indictment are clearly distinguishable for the very reasons stated by counsel in page two of his own reply affirmation. There is a "significant” difference between a felony being reduced to a misdemeanor by a prosecutor pursuant to CPL 180.50 than by a Grand Jury. In Crosby (supra), the court barred prosecution of the misdemeanor charges on the prosecution information that was reduced from the felony complaint pursuant to CPL 180.50. In that case, the felony complaint was filed by the prosecutor since prosecution on the misdemeanor charges would have been barred by the Statute of Limitations (People v Crosby, 140 Misc 2d, supra, at 905). For obvious policy reasons, the courts are not going to allow the prosecution to circumvent the Statute of Limitations by deliberately charging a greater offense to which the Statute of Limitations has not run, i.e., a felony, and then seek reduction of the charge to a lesser included offense, pursuant to CPL 180.50, that would have been time barred by the Statute of Limitations (People v Monaco, 121 Misc 2d 976, 978; see also, People v Crosby, 140 Misc 2d 904, 905, supra).
That situation is not present in this case. There is no indication that the People used the felony complaint as a way to *596 circumvent the Statute of Limitations. The felony assault charge was reduced to a misdemeanor assault not by the action of the prosecutor but by the action of the Grand Jury. The Grand Jury is not an agent of the People but is an independent body that is the sole arbiter in determining the sufficiency of evidence to support any crime charged in the indictment (CPL 190.65). A finding by the Grand Jury that the People failed to meet their burden of proving sufficient evidence to support the felony assault charge does not compel the conclusion that there was circumvention of the Statute of Limitations by the People.
In the case of People v Hughes (220 AD2d 529, supra), cited by the defendant, the Appellate Division of the Second Department held that a defendant cannot be convicted of a misdemeanor barred by the Statute of Limitations where the misdemeanor is not a lesser included offense of the felony charged in the indictment. The Court never addressed the validity of a conviction for a misdemeanor offense that is a lesser included offense of a felony contained in an accusatory instrument not time barred by the Statute of Limitations (People v Hughes, supra, at 532). Therefore, counsel’s reliance on Hughes is misguided and clearly misplaced.
The court finds that a prosecution for a valid but untimely lesser included misdemeanor offense should not be dismissed on Statute of Limitations grounds where it flows from a valid felony complaint charging a timely felony. This rationale is supported both by law and policy. The CPL is clear that a criminal action commences with the filing of an accusatory instrument and includes the filing of all further accusatory instruments directly derived from the initial one (CPL 1.20 [16], [17]). Therefore, the filing of the felony complaint stops the running of the Statute of Limitations on all of the charges, including the misdemeanor charges, in the indictment.
An analogous situation is present in determining applicable speedy trial time limitations pursuant to CPL 30.30. In calculating the passage of time pursuant to CPL 30.30, the return of an indictment following the dismissal of a felony complaint does not commence a separate action if the indictment arises out of the same charges contained in the felony complaint. There can be only one criminal action for each set of criminal charges brought against a particular defendant even though the original accusatory instrument may be replaced or superseded during the course of the action (People v Lomax, 50 NY2d 351; People v Osgood, 52 NY2d 37; People v Brunskill, 192 AD2d 666).
*597 In People v Tychanski (78 NY2d 909, 911-912), the Court of Appeals held that where a defendant was arraigned on a felony complaint which was replaced with a misdemeanor indictment, the applicable speedy trial time limitation is the six-month period for prosecution of a felony, starting from the date of the arraignment upon the felony complaint and not the speedy trial time period for that of a misdemeanor offense.
Similarly, the Statute of Limitations on a misdemeanor offense contained in the indictment should be the Statute of Limitations for a felony since the action commenced with the filing of the felony complaint. The only reason to override this legal conclusion would be if there were some policy concern that the prosecution was using the felony complaint to overcharge a defendant with a felony in order to circumvent the Statute of Limitations on a misdemeanor. However, where reduction of the felony is as a result of Grand Jury action, as in the instant case, then such a conclusion of circumvention would be erroneous.
Finally, this court’s ruling is in compliance with the policy considerations set forth by the United States Supreme Court in Toussie v United States (397 US 112, 114-115). The Supreme Court enunciated in Toussie that the purpose of the Statute of Limitations is to protect individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time and to minimize the danger of official punishment because of acts in the far-distant past. The misdemeanor assault charge in the second count of the indictment is predicated upon the same facts as the felony assault charge in count two of the felony complaint. The felony assault charge could have been prosecuted within the Statute of Limitations had the Grand Jury indicted on that charge. The fact that there was no true bill on the felony assault does not render the facts surrounding the lesser included charge of the misdemeanor assault any more obscured by the passage of time than the felony.
Accordingly, the defendant’s motion to dismiss count two of the indictment charging the defendant with the crime of assault in the third degree, an A misdemeanor, as time barred by the Statute of Limitations, is denied.