■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERMAN TURNER, Appellant. [723 NYS2d 43] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered May 24, 1999, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During the People's case, the prosecutor indicated that he would call a witness he had previously declared would not be called. The prosecutor also stated that in addition to the *Rosario* material (*see, People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866) previously produced, an audiotape of the witness's conversation with police might exist, but that it would be in

the archives due to the age of the case and take at least a week to produce. The trial court responded that it would not allow the witness to testify unless the defendant waived any *Rosario* objection. The defendant's counsel did so, noting that he believed the witness possessed exculpatory information, and that his decision was based upon trial strategy. At the conclusion of the evidence, but before summations, the prosecution produced the audiotape.

Contrary to the defendant's contention, his attorney effectively and explicitly waived any objection based upon a possible *Rosario* violation (*see, People v Brown,* 90 NY2d 872; *People v Booker,* 158 AD2d 700). The defendant's contention that his waiver became ineffectual once the audiotape was found and, thus, that he should have been allowed to recall the witness was not preserved for appellate review (*see,* CPL 470.05 [2]). In any event, the trial court's denial of the application to recall the witness was a provident exercise of its discretion (*see, People v Leon,* 186 AD2d 587).

The defendant's remaining contentions are without merit. S. Miller, J. P., Friedmann, H. Miller and Smith, JJ., concur.