THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERMAN TURNER, Appellant. [781 NYS2d 163]—

Application by the appellant for a writ of error coram nobis to vacate a decision and order of this Court dated March 19, 2001 (*People v Turner,* 281 AD2d 568 [2001]), affirming a judgment of the Supreme Court, Kings County, rendered May 24, 1999, on the ground of ineffective assistance of appellate counsel. By decision and order on motion of this Court dated October 20, 2003, the appellant was granted leave to serve and file a brief on the issue of whether his trial counsel was ineffective for failing to assert the defense that the charge of manslaughter in the first degree was barred by the statute of limitations, and the coram nobis application was held in abeyance in the interim. The parties have now filed their respective briefs.

Ordered that the application is granted, and the decision and order of this Court dated March 19, 2001, is vacated; and it is further,

Ordered that the judgment is reversed, on the law, the indictment is dismissed, and the matter is remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

At the People's insistence and over the defense counsel's strenuous objections, the trial court charged the jury with the lesser-included offense of manslaughter in the first degree on the indictment for murder in the second degree. The defense counsel objected to the submission of this lesser-included offense on the ground that the evidence was legally insufficient to support a finding of manslaughter in the first degree and on the ground that the defendant maintained his innocence and did not wish to give the jury a chance to compromise its verdict by convicting on a lesser-included offense. The jury convicted the defendant of manslaughter in the first degree. On appeal, the defendant's conviction was affirmed (*see People v Turner, supra*).

Now, upon his application for a writ of error coram nobis, the defendant contends that his appellate counsel was ineffective for failing to assert that his trial counsel was ineffective for failure to object to the submission of the lesser-included offense of manslaughter in the first degree on the ground that it was barred by the statute of limitations. We agree.

The statute of limitations applies to lesser-included offenses of timely-brought charges (*see People v Di Pasquale,* 161 App Div 196 [1914]). In *People v Di Pasquale (supra),* the defendant was indicted on a charge of murder in the second degree. However, he was convicted only of attempted murder in the second degree, a lesser-included offense that could not have been timely charged in the indictment. The Court vacated the conviction on the ground that prosecution for the crime of attempted murder in the second degree was time-barred.

The facts of the instant case are on all fours with *People v Di Pasquale (supra).* It is undisputed that the statute of limitations barred the charge of manslaughter in the first degree (*see* CPL 30.10 [2] [a]). However, the jury was charged and the defendant was convicted on this time-barred lesser-included offense (*see People v Hughes,* 220 AD2d 529 [1995]; *cf. People v Mills,* 1 NY3d 269 [2003]). Thus, the defense counsel's failure to object to the submission to the jury of the lesser-included offense constituted ineffective assistance of counsel. Moreover, no trial strategy justified the defense counsel's failure to raise the statute of limitations as a complete defense to the submission of the lesser-included offense. That defense counsel objected to the inclusion of this charge on other grounds eliminates the possibility that he was withholding the statute of limitations defense for tactical reasons. This, then, is clearly not a case where the defendant waived the submission of the lesser-included offense in order to gain the benefit of a possible reduced sentence (*see People v Mills, supra*).

The People contend that the defense counsel was not ineffective because the state of the law was "unresolved" at the time of the defendant's trial. The People rely upon *People v Dowling* (1 NY Crim Rep 529 [1884]) and *People v Cuddihy* (170 Misc 2d 592 [1996]). This contention is without merit. *People v Dowling (supra)* held that a conviction for a valid but untimely lesser-included offense need not be dismissed where it flows from a valid accusatory instrument charging a timely felony. However, that case was decided almost three decades before *People v Di Pasquale (supra). People v Cuddihy (supra),* which articulates the same rule, like *People v Dowling,* is not binding on this Court. Moreover, *People v Cuddihy (supra)* has never been fol-

lowed by any other court (*see People v Gulston,* 181 Misc 2d 644 [1999]) and is inconsistent with virtually every other case on the issue. Therefore, the law was clear and the defense counsel was ineffective in failing to object to the submission of manslaughter in the first degree to the jury.

The defense counsel's failure to object to the submission of the lesser-included offense, not for tactical reasons, resulted in extreme prejudice to the defendant. The jury was instructed only to consider the lesser-included offense if it found the defendant not guilty of murder. It found the defendant not guilty of murder. Thus, there is simply no reasonable possibility that the jury, faithful to its charge, would not have acquitted the defendant even if the trial court had refused to submit the lesser-included offense. Consequently, the defense counsel's performance in failing to object to the submission of the lesser-included offense fell below the level of effective assistance of counsel (*see People v Benevento,* 91 NY2d 708, 712 [1998]).

Accordingly, we find appellate counsel to have been ineffective in failing to raise the ineffectiveness of trial counsel in this respect. Therefore, we grant the defendant's application, and reverse the judgment. While, ordinarily, we would remit the matter for a new trial, under the circumstances of this case, we dismiss the indictment. Smith, J.P., H. Miller, S. Miller and Crane, JJ., concur.