People v Coulibaly (2019 NY Slip Op 04289)





People v Coulibaly


2019 NY Slip Op 04289


Decided on May 30, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 30, 2019

Sweeny, J.P., Renwick, Manzanet-Daniels, Tom, Oing, JJ.


9495 3365/14

[*1]The People of the State of New York, Respondent,
v
Siaka Coulibaly, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (Eunice C. Lee of counsel), and Milbank, Tweed, Hadley & McCloy LLP, New York (Brenton T. Culpepper of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Amanda Katherine Regan of counsel), for respondent.



Judgment, Supreme Court, New York County (Maxwell Wiley, J. on speedy trial motion; Daniel P. Conviser, J. at jury trial and sentencing), rendered August 9, 2016, convicting defendant of assault in the second degree, and sentencing him, as a second violent felony offender, to a term of five years, unanimously reversed, on the law, and the indictment dismissed.
Defendant was denied the effective assistance of counsel (see People v Benevento, 91 NY2d 708, 713-14 [1998]; Strickland v Washington, 466 US 668 [1984]) with regard to his speedy trial motion. In his CPL 30.30(2) motion for defendant's release, defense counsel mistakenly calculated 99 days of includable time, instead of the correct calculation of 103 days. The People conceded the 99 days, and the court released defendant. When defense counsel thereafter moved to dismiss the indictment under CPL 30.30(1), defense counsel and the prosecutor repeated that error in calculating the delay as 99 days, with the court ultimately finding only 181 days of includable time and denying the motion. Had counsel correctly calculated 103 days of chargeable time, the includable time would have totaled 185 days, rather than 181, and defendant's speedy trial claim would have been meritorious. We have considered and rejected the People's arguments concerning the 63-day period following defendant's uncontested motion for release from custody, which the court found to be includable in its ultimate calculation on the dismissal motion.
Thus, counsel's error denied defendant the relief of dismissal to which he was entitled, and constituted ineffective assistance (see e.g. People v Devino, 110 AD3d 1146, 1149 [3d Dept 2013]). We exercise our discretion to dismiss the indictment, rather than ordering further speedy trial proceedings with new counsel, in light of our finding that the indictment would have been dismissed on speedy trial grounds but for the ineffective assistance (see e.g. People v Turner, 10 AD3d 458, 460 [2d Dept 2004], affd 5 NY3d 476 [2005]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 30, 2019
CLERK