■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNNIE JONES, Appellant.—Appeal by defendant from two judgments of the County Court, Nassau County, both rendered January 7, 1976, one convicting him of robbery in the second degree (two counts) and grand larceny in the third degree, after a nonjury trial, and imposing sentence (Indictment No. 41481), and one convicting him of criminal trespass in the second degree, upon his plea of guilty, and imposing sentence (Indictment No. 41955). Judgment under Indictment No. 41481 reversed, on the facts and as a matter of discretion in the interest of justice, and said indictment dismissed. Judgment under Indictment No. 41955 reversed, as a matter of discretion in the interest of justice, plea vacated, and case remitted to the County Court for further proceedings consistent herewith. Defendant was charged in a four-count indictment (No. 41481) with robbery in the second degree (two counts), grand larceny in the third degree and petit larceny. On appearing before the trial court defendant, through counsel, requested a waiver of a jury trial. Because of the fact that his educational background was rather minimal, the record indicates that defendant was queried extensively and was informed not only as to his rights, but the extent and impact of the waiver, and that he was fully aware of the fact that he was waiving a trial by jury. We find that the Trial Judge properly complied with the defendant's constitutional and statutory rights in allowing the jury trial waiver. However, the trial minutes disclose that the court neglected to state what counts or crimes it was considering on the question of the defendant's guilt. Despite defense counsel's failure to properly object to this omission, we find that such omission is a violation of the mandate of CPL 320.20 (subd 5) and thus fatal to the People's case (see *People v Jack,* 85 Misc 2d 299). We take note that only the complaining witness and defendant testified. For some unexplained reason the arresting officer was not called; nor did any other person appear who may have been able to shed light on the defendant's innocence or guilt. Furthermore, the defendant's behavior following the alleged robbery was inconsistent with the findings of guilt. Upon a reading of the record, the defendant's guilt was not established beyond a reasonable doubt. Although the defendant pleaded guilty to criminal trespass, it is obvious that the plea was induced by his conviction after trial of robbery and grand larceny. The guilty plea and conviction (under Indictment No. 41955) of criminal trespass must therefore be reversed and the plea vacated. Cohalan, J. P., Hawkins, Mollen and O'Connor, JJ., concur.