■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LENA BROWN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered March 5, 1986, convicting her of robbery in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant initially contends that the People failed to prove her guilt beyond a reasonable doubt. We find this

contention to be devoid of merit. The identification testimony was strong and any alleged inconsistencies were properly left to the Trial Judge for his resolution *(People v Gruttola,* 43 NY2d 166, 122). Upon the exercise of our factual review power we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We see no reversible error in the failure of the Trial Judge to state on the record and prior to summation the counts upon which he would render a verdict. Although he failed to comply with CPL 320.20 (5), the error was harmless. The purpose of this statutory requirement is to provide counsel with the opportunity to address in summation any lesser included offenses the court is inclined to consider *(see, People v Mont-gomery,* 116 AD2d 669, 671). In this case the defendant was convicted of an offense charged in the indictment and not an uncharged lesser included offense. Accordingly, the error was harmless *(see, People v Pitello,* 97 AD2d 801; *cf., People v Jones,* 57 AD2d 905).

Finally, the court did not abuse its discretion in imposing a mandatory surcharge upon the defendant in accordance with Penal Law § 60.35, as there had been no showing that the payment of the surcharge would work an unreasonable hardship on the defendant or her immediate family *(see,* CPL 420.35). If at the conclusion of her imprisonment, the defendant finds herself unable to pay the surcharge, she may move at that time for a waiver thereof *(see,* CPL 420.35, 420.10 [5]; *People v Williams,* 121 AD2d 584, *lv denied* 68 NY2d 774; *People v West,* 124 Misc 2d 622). Mollen, P. J., Mangano, Brown and Lawrence, JJ., concur.