■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN MARIN, Appellant.—Judgment, Supreme Court, Bronx County (Dominic R. Massaro, J.), rendered on or about May

2, 1988, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree (Penal Law § 220.16), criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09) and criminal possession of a weapon in the third degree (Penal Law § 265.02), for which defendant was sentenced, as a second felony offender, to concurrent terms of 5 to 10 years, 3½ to 7 years, and 4 to 8 years, respectively, unanimously affirmed.

This case arises out of a buy-and-bust operation conducted at an apartment from whose window defendant tossed out crack vials, containing in excess of one eighth of an ounce of cocaine, and a gun, which was determined to be operable. Police testimony established that the apartment contained no furniture, except for a couch and a TV, no food, no garbage, no kitchen utensils, no linens, no clothing, and that the front door was secured by planking. Viewing the evidence in a light most favorable to the People, as we must (People v Contes, 60 NY2d 620), it cannot be said that the apartment in question was defendant's "home" within the context of Penal Law § 265.02 (4). As such, defendant's claim that the People failed to disprove that the apartment was his home is meritless.

Defendant's claim for waiver of the mandatory surcharge on the basis of his indigency is premature (see, CPL 420.35; Penal Law § 60.35 [5]; People v Perrine, 111 AD2d 193; People v West, 124 Misc 2d 622, 624-625). In any event, we are not persuaded that the court abused its discretion in denying defendant's application (see, People v Brown, 133 AD2d 463, 464, lv denied 70 NY2d 930).

We have examined defendant's remaining contentions and find them to be without merit. Concur—Ross, J. P., Asch, Kassal, Wallach and Smith, JJ.