■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS L. HUGHES, Appellant. [632 NYS2d 585] —Appeal by the defendant from a judgment of the County Court, Orange County (Pano Z. Patsalos, J.), rendered May 23, 1994, convict-

ing him of sexual abuse in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, the indictment is dismissed, and the matter is remitted to the County Court, Orange County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

The instant appeal arises from allegations that the defendant sexually abused his then 13-year-old stepdaughter. As subsequently amended, the indictment alleged that on July 30, 1989, the defendant perpetrated two counts of sexual abuse in the first degree by forcible compulsion in violation of Penal Law § 130.65 (1). The victim had not come forward until more than two years after the alleged incident, after her mother and the defendant had separated. Thus, this prosecution was not commenced immediately after the incident. The indictment, dated October 12, 1993, charged the defendant with two class D felonies subject to a five year Statute of Limitations (CPL 30.10 [2] [b]).

The trial proceeded without a jury on the two charged felonies. Following summations, the court announced its verdict. It found the defendant not guilty of the two counts charged in the indictment. Instead, the court *sua sponte* announced for the very first time that it had considered a lesser included charge of sexual abuse in the second degree, i.e., sexual contact with someone less than 14 years old (Penal Law § 130.60 [2]), and found the defendant guilty of that crime. We now reverse.

Initially, by failing to notify the defendant that it would consider sexual abuse in the second degree as a lesser included offense of the first degree crimes charged in the indictment, the court violated the mandate of CPL 320.20 (5) which, in nonjury trials, directs the court to indicate, prior to summations, the charges it will consider *(see, People v Ramos,* 59 AD2d 859; *People v Moody,* 52 AD2d 959; *People v Jack,* 85 Misc 2d 299; *see also, People v Jones,* 57 AD2d 905). While this error might be deemed harmless standing alone *(see, People v Taylor,* 164 AD2d 922; *cf., People v Brown,* 133 AD2d 463; *People v Chapman,* 60 AD2d 584), in light of the court's related further errors, we consider it to be reversible.

As indicated above, when the court intends to consider a lesser included charge in a nonjury trial, it must notify counsel of its decision prior to summations *(see,* CPL 320.20 [5]). In this case, the court compounded its failure to provide the requisite notice by considering lesser charges which are not valid lesser inclusory counts.

Pursuant to CPL 1.20 (37), "[w]hen it is impossible to commit a particular crime without concomitantly committing, by the same conduct, another offense of lesser grade or degree, the latter is, with respect to the former, a 'lesser included offense' ". This has been interpreted to require a showing that it is "theoretically impossible to commit the greater crime without at the same time committing the lesser * * * [as] determined by a comparative examination of the statutes defining the two crimes, in the abstract" *(People v Glover,* 57 NY2d 61, 64). Pursuant to the foregoing, sexual abuse in the second degree by incapacity to consent by reason of age, is not a lesser inclusory count of sexual abuse in the first degree by forcible compulsion since the lesser count requires proof of the victim's age, an element which need not be proved in a prosecution for the greater offense *(see, People v Mott,* 77 AD2d 606, 607; *see also, People v Blackwell,* 177 AD2d 952). Indeed, it has been observed that "[w]here lack of consent in respect to a sex crime results only from nonage, such crime is not a lesser included offense of one in which lack of consent results from forcible compulsion" *(Matter of John D.,* 91 AD2d 962, 963). Accordingly, the defendant was clearly denied a fair trial as a result of the court's erroneous, spontaneous consideration of an invalid lesser included offense. Although not preserved for appellate review, we reach this issue in the interest of justice.

Most critically, the two misdemeanor counts of which the defendant was convicted were barred by the two-year Statute of Limitations provided by CPL 30.10 (2) (c) as of the date this prosecution was commenced. Indeed, the incidents were alleged to have occurred on July 30, 1989, yet it is uncontroverted that the defendant was arrested on May 3, 1993, on a felony complaint, and that the criminal prosecution "commenced" on or about that date (CPL 1.20 [17]). The Statute of Limitations applicable to misdemeanors (CPL 30.10 [2] [c]) requires that the prosecution be commenced within two years after the commission of the crimes. Accordingly, in this case, the Statute of Limitations expired on July 30, 1991, two years after the crimes were committed and nearly two years *before* the defendant's arrest on the felony complaint. Thus, a prosecution for sexual abuse in the second degree, a misdemeanor, could not have been timely commenced as of the date of the felony complaint *(see, People v Hines,* 284 NY 93).

We reject the People's contention that the misdemeanor conviction is sustainable because the two felonies charged were not time barred. While there is a dearth of recent appellate authority on this point, the cases are generally in agreement

that an uncharged misdemeanor which could not have been timely raised in the accusatory instrument may not be charged as a lesser included offense *(see,* 33 Carmody-Wait 2d, Lesser Included Offenses § 172:1732, at 490). In *People v Di Pasquale* (161 App Div 196), the Third Department was faced with an analogous situation. There, the defendant was indicted on a charge of second degree murder. He was, however, convicted only of attempted murder in the second degree, a lesser included offense which could not have been timely charged in the indictment. The court vacated the conviction on the ground that prosecution for the crime of attempted murder in the second degree was time barred.

This is consistent with the recognized principle that "[t]he prosecution may not circumvent the Statute of Limitations by appending otherwise time-barred offenses to charges as to which the statute has not [yet] run" *(People v Monaco,* 121 Misc 2d 976, 978; *see also, People v Crosby,* 140 Misc 2d 904). Indeed, "it would be manifestly unjust to permit the prosecution to use the vehicle of indictment or felony complaint to 'overcharge' a defendant and then * * * avoid the stricture of the limitations provisions" *(People v Soto,* 76 Misc 2d 491, 499). We note that the above-cited trial level decisions are all factually distinguishable insofar as they all considered the timeliness of prosecutions going forward *after* timely lodged felony charges were dismissed or reduced prior to trial, leaving only untimely charges to be tried, as opposed to the instant case where an initially timely prosecution went to trial and the defendant was acquitted of all timely charges with only time-barred charges left for the court's consideration. Nevertheless, the result is the same. A conviction cannot rest on time-barred charges. And while some courts have held that a conviction for a valid but untimely lesser included offense need not be dismissed where it flows from a valid accusatory instrument charging a timely felony *(see, People v Norman,* 150 Misc 2d 583; *People v Dowling,* 1 NY Crim Rep 529), here, the time-barred misdemeanor charge was not a valid lesser inclusory count. Accordingly, the defendant may not be convicted of the time-barred misdemeanor. In light of his acquittal on the timely felony charges, the indictment must be dismissed *(see, People v O'Neil,* 107 Misc 2d 340). Moreover, notwithstanding the defendant's failure to raise this issue by way of a post-verdict motion (CPL 330.30 [1]; *see, People v Lohnes,* 76 Misc 2d 507), we reach it in the interest of justice since to ignore the amalgamation of errors committed herein would be patently unjust.

We have reviewed the defendant's remaining contentions

and find them to be without merit. Sullivan, J. P., Miller, Thompson and Ritter, JJ., concur.