OPINION OF THE COURT
Neil Jon Firetog, J.
*645 Defendant Michael Gulston moves to dismiss the third, fourth, and fifth counts of the indictment on the ground that the prosecution of those counts is barred by the five-year Statute of Limitations.
In deciding this motion, the court has considered the omnibus motion, the People’s answer, the defendant’s reply, and the record on appeal of People v Hughes (220 AD2d 529 [2d Dept 1995]).
The Facts
On or about September 5, 1991, several individuals surrounded the victim, each person pointing and firing a weapon at him. The victim ultimately died of several gunshot wounds.
Shortly after the incident Dwayne Crosby was arrested and indicted as one of the shooters, under indictment No. 11037/91. Prior to trial, Mr. Crosby pleaded guilty to manslaughter in the first degree, and was sentenced.
In October 1993, Jeffrey Stokes was arrested and indicted under indictment No. 12535/93 for the homicide. After a jury trial, Mr. Stokes was convicted of manslaughter in the second degree and was later sentenced.
On July 17, 1997, almost six years after the incident, the instant indictment was filed. Defendant is charged with two counts of murder in the second degree, reckless endangerment in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree. The defendant was arraigned on the indictment on July 21, 1998, approximately one year subsequent to its filing. All the counts contained in the indictment relate to the September 5, 1991 homicide.
Defendant has moved to dismiss the count charging reckless endangerment, and the two counts of criminal possession of a weapon on the ground that more than five years have elapsed between the incident and the filing of the indictment, violating the requirement that prosecutions of felonies other than class A felonies must be instituted within five years of the crime, pursuant to CPL 30.10 (2) (b). This court may consider the present pretrial motion, based on CPL 210.20 (1) (f).
The People make no claim of any tolling of the Statute of Limitations, but claim that since the indictment contains a murder count for which the Statute of Limitations has not run, all other counts are also timely.
*646 People’s Argument
The People analogize the current situation with a similar situation under CPL 30.30, although defendant argues that there is no authority to compare the two statutory sections.
Cases decided under CPL 30.30 hold that where related non-homicide counts are joined with homicide counts in a single indictment, the time period governing the nonhomicide counts is that of the homicide count, i.e., there is no CPL 30.30 time limitation. (People v Ortiz, 209 AD2d 332, 334 [1st Dept 1994]; People v Chavys, 129 AD2d 723, 724 [2d Dept 1987]; People v Rodriguez, 81 AD2d 840 [2d Dept 1981].) Thus, under CPL 30.30 an indictment is viewed as a single whole unit, and not as separate counts.
When reading cases for the purpose of applying the case’s principles, the reasoning of the court is more important than the holding. (See, People v Maher, 89 NY2d 456, 461-462; People v Saunders, 85 NY2d 339, 344.) Unfortunately, the cases cited above do not explicitly state the reason for their holdings. However, a plain reading of CPL 30.30 (3) (a) indicates the rationale of those cases.
CPL 30.30 (3) (a) reads as follows: “Subdivisions one and two do not apply to a criminal action wherein the defendant is accused of an offense defined in sections 125.10, 125.12, 125.20, 125.25 and 125.27 of the penal law” (emphasis supplied). By using the word “wherein”, the Legislature indicates that the “criminal action” referred to in this section contains both homicide counts and nonhomicide counts. The specific language of CPL 30.30 (3) (a) excludes from the operation of CPL 30.30 (1) and (2) indictments containing both homicide and nonhomicide counts.
In contrast, CPL 30.10 (2) (a), the Statute of Limitations section applicable to this case, provides: “A prosecution for a class A felony may be commenced at any time”. Noticeably absent from this statute are words such as “wherein the defendant is charged” indicating that the accusatory instrument is to be considered as one unit rather than separate counts. The different statutory phraseology leads this court to believe that the two statutes warrant distinctly different consideration, and that the Legislature intended to treat the speedy trial situations differently from those involving the Statute of Limitations.
Support for this interpretation of the statutory difference is that, while all degrees of homicide are exempt from CPL 30.30 *647 time constraints, only class A murders are exempt from the Statute of Limitations. Thus, manslaughter in the first degree is not subject to the time restrictions in CPL 30.30, but is subject to the five-year Statute of Limitations.
The court rejects the People’s analogy between CPL 30.30 and 30.10. The express wording of the statutes are different and warrant different considerations.
Statute of Limitations
Historically, at common law a prosecution for a crime could be commenced at any time. (See, People v Bailey, 103 Misc 366, 368; 22 CJS, Criminal Law, § 196, at 240; 21 Am Jur 2d, Criminal Law, § 291, at 346.) Time limitations as to when the People may commence a criminal action are purely a legislative creation. (People ex rel. Reibman v Warden, 242 App Div 282, 284.) Because Statutes of Limitation are granted by legislative grace, they are to be liberally construed in favor of a defendant. Although construed favorably to a defendant, time restrictions contained in a Statute of Limitations are not of a jurisdictional nature. (People v Verkey, 185 AD2d 622, 624, and cases cited therein.)
The purpose of a Statute of Limitations was stated in People v Seda (93 NY2d 307, 311 [1999]) as follows: “Statutes of Limitation serve several purposes — they ‘protect individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time’; they ‘minimize the danger of official punishment because of acts in the far-distant past’; and they £encourag[e] law enforcement officials promptly to investigate suspected criminal activity (Toussie v United States, supra, 397 US, at 114-115).” The time period set by the Legislature represents a balance between the prosecution of stale cases and the granting to law enforcement officials sufficient time to bring suspected persons to justice (supra).
Defendant’s claim must be examined with these principles in mind. Neither side has submitted any case that is directly on point, and this court has found no New York case discussing the issue, although the court’s research has revealed an Ohio case that assumes that the defendant’s argument is correct. (See, State v Price, 1998 WL 896358, 1998 Ohio App LEXIS 6266 [Ohio Ct App, 10th Dist, Dec. 22, 1998, Bryant, J.].)
Nonetheless, certain general principles of law applicable to the entire body of criminal law and one principle applicable to the Statute of Limitations lead this court to its conclusion.
*648 It is a general principle of law applicable to many phases of the criminal law and known to the Legislature at the time of the enactment of the CPL, that each count in an indictment is deemed to be a separate accusatory instrument (People ex rel. Ortiz v Commissioner of N. Y. City Dept. of Correction, 253 AD2d 688, affd 93 NY2d 959; People v Pierce, 40 AD2d 581; People v Delorio, 33 AD2d 350, 353; see also, People ex rel. Mack v Warden, 145 Misc 2d 1016, 1017). This being the case, when the Legislature enacted the current CPL 30.10 it knew that each count was deemed separate from the remaining counts. By failing to provide in CPL 30.10 that the indictment is to be treated as a single whole, the Legislature made this general principle applicable to the Statute of Limitations. (See, People ex rel. Ortiz v Commissioner of N. Y. City Dept. of Correction, supra, at 689.)
By deeming each count in this indictment as separate and distinct accusatory instruments the court is led to the conclusion that the Statute of Limitations has expired as to the counts not involving murder in the second degree.
Also buttressing this conclusion is People v Hughes (220 AD2d 529 [2d Dept 1995], supra). In Hughes, defendant was timely indicted for a higher grade crime. After trial, defendant was convicted of a lesser grade crime, which was not as a matter of law a lesser included offense. The lesser crime was time barred by the Statute of Limitations. The Court said (at 532): “This is consistent with the recognized principle that ‘[t]he prosecution may not circumvent the Statute of Limitations by appending otherwise time-barred offenses to charges as to which the statute has not [yet] run’ (People v Monaco, 121 Misc 2d 976, 978; see also, People v Crosby, 140 Misc 2d 904). Indeed, ‘it would be manifestly unjust to permit the prosecution to use the vehicle of indictment or felony complaint to “overcharge” a defendant and then * * * avoid the stricture of the limitations provisions’ (People v Soto, 76 Misc 2d 491, 499). We note that the above-cited trial level decisions are all factually distinguishable insofar as they all considered the timeliness of prosecutions going forward after timely lodged felony charges were dismissed or reduced prior to trial, leaving only untimely charges to be tried, as opposed to the instant case where an initially timely prosecution went to trial and the defendant was acquitted of all timely charges with only time-barred charges left for the court’s consideration. Nevertheless, the result is the same. A conviction cannot rest on time-barred charges. And while some courts have held that a conviction for *649 a valid but untimely lesser included offense need not be dismissed where it flows from a valid accusatory instrument charging a timely felony (see, People v Norman, 150 Misc 2d 583; People v Dowling, 1 NY Crim Rep 529), here, the time-barred misdemeanor charge was not a valid lesser inclusory count. Accordingly, the defendant may not be convicted of the time-barred misdemeanor. In light of his acquittal on the timely felony charges, the indictment must be dismissed (see, People v O’Neil, 107 Misc 2d 340).”
Lower courts have interpreted Hughes (supra) differently. In People v Cuddihy (170 Misc 2d 592, 596), the court held that Hughes is limited to situations where the conviction of the time-barred lesser offense is for a crime that is not in law a lesser included offense. In contrast, the court in People v Secreto (NYLJ, Jan. 29, 1998, at 32, col 5) interpreted Hughes as applying to all convictions of lesser offense which are time barred, including legal lesser-included offenses.
The Secreto interpretation is consistent with virtually every case in other jurisdictions that have addressed the issue (Cane v State, 560 A2d 1063, 1064, n 3 [Del], collecting cases; Annotation, Conviction of Lesser Offense, Against Which Statute Of Limitations Has Run, Where Statute Has Not Run Against Offense With Which Defendant Is Charged, 47 ALR2d 887, also collecting cases). The Secreto interpretation is also consistent with the conclusions reached by commentators who have addressed the issue. (33 NY Jur 2d, Criminal Law, § 1705, at 277-278; 22 CJS, Criminal Law, § 198, at 243-244; 21 Am Jur 2d, Criminal Law, § 295, at 350-351; 33 Carmody-Wait 2d, NY Prac § 172:1732, at 490-491; 2 Waxner, New York Criminal Practice § 15.12.)
The reason for this rule was best explained by Justice Jenks, in his concurring opinion, in People v Austin (63 App Div 382, 389-392). Justice Jenks said (at 389): “The defendant is convicted of manslaughter in the second degree. Section 142 of the Code of Criminal Procedure forbids an indictment for that felony for the reason that five years had elapsed since the crime was committed. As this crime must be prosecuted by indictment (Id. § 4) section 142 is a bar to a trial for the offense. But it is insisted that because the defendant was convicted of manslaughter on his trial of his indictment for murder in the second degree, his conviction is valid maugre the statute. Necessarily, this contention is founded upon the construction that the statute does not prohibit a conviction for manslaughter, but simply an indictment (and consequently a trial) for the specific crime *650 of manslaughter. In other words, there cannot be direct accusation and trial for the crime because five years have elapsed, but this flight of time, which is deemed a proper limitation upon direct proceeding, should not be held a bar provided the conviction result upon the trial of an indictment (an accusation) for murder in the second degree. I can see no good reason for the distinction. Why should the State enact a statute of limitations upon direct procedure, and thereby afford immunity for a crime, and yet permit punishment for the same crime by the indirect procedure of an accusation of a different crime? I can see no reason in the public policy that permits punishment for a crime when proven upon the trial of an indictment for a different crime, and yet prohibits punishment for that crime when sought by a direct indictment therefor. ‘The letter killeth where the spirit giveth life.’ ” (See also, People v Austin, 170 NY 585, 586 [Bartlett, J., dissenting opn].)
The argument appears persuasive to this court and equally applicable to this case. In the lesser included cases one should look to the crime for which a defendant was convicted, and not to the charge for which a defendant was indicted. Similarly, in this case a court should look to each crime charged, and not to what other crimes are contained in the indictment. As the dicta in Hughes says, “ ‘[t]he prosecution may not circumvent the Statute of Limitations by appending otherwise time-barred offenses to charges as to which the statute has not [yet] run’ ” (supra, 220 AD2d, at 532). To permit the People to append a time-barred charge to an indictment containing timely charges would be, as Justice Jenks stated, to permit the prosecution to do indirectly what they cannot do directly.
The motion to dismiss the third, fourth, and fifth counts is granted.