THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORLANDO RODRIGUEZ, Also Known as MIGUEL FIGUEROA, Appellant. [723 NYS2d 159] —Judgment, Supreme Court, New York County (Budd Goodman, J., on *Singer* motion; Mary McGowan Davis, J., on *Wilkins* motion, jury trial and sentence), rendered June 9, 1997, convicting defendant of murder in the second degree and attempted murder in the second degree, and sentencing him, as a second felony offender, to consecutive terms of 25 years to life and 12½ to 25 years, respectively, and order, same court (John Stackhouse, J.), entered on or about November 29, 1999, which denied defendant's CPL 440.10 motion to vacate the judgment of conviction, unanimously affirmed.

Defendant's motion to dismiss the indictment based on pre-indictment delay was properly denied (*see, People v Singer*, 44 NY2d 241, 252-255; *People v Taranovich*, 37 NY2d 442, 445-446). There has been no showing that any of the approximately 7½-year delay in commencement of the prosecution was designed to gain a tactical advantage. On the contrary, the delay resulted from a combination of inability to locate defendant, and "a determination made in good faith to defer commencement of the prosecution for further investigation" (*Singer* at 254). When defendant was located and the surviving victim, who had made only a photographic identification of defendant, was unable to identify him in a lineup, the People made a legitimate determination, which they ultimately reconsidered, that the other available evidence against defendant would not result in a conviction. A balancing of the reason for the delay with all other relevant factors leads to the conclusion that defendant was not entitled to dismissal. This execution-style murder and attempted murder was extremely serious, defendant was not incarcerated on the instant charges, and there has been no showing of specific prejudice.

The court properly denied defendant's CPL 440.10 motion presenting additional facts relating to the *Singer* issue, alleging that the People had misled the defense by failing to provide certain investigatory material in response to the *Singer* motion, and alleging that counsel was ineffective for having failed to pursue a reopened *Singer* proceeding. Nothing in the ad-

ditional material pertaining to the investigation conducted by the police shortly after the crime warranted a different determination of the *Singer* motion.

Defendant's motion to dismiss the indictment on the ground of improper resubmission to a second Grand Jury was properly denied. Given the paucity of evidence presented, the first Grand Jury cannot be said to have "considered the evidence and the charge" (*People v Wilkins*, 68 NY2d 269, 274) to such an extent that the withdrawal of the case must be treated as a dismissal, which in turn would require judicial authorization for representation (CPL 190.75 [3]).

There was no denial of defendant's right to be present during jury selection. Since the court had indicated at the start of the voir dire that familiarity with one of the principal participants would be a disqualifying factor, and since defense counsel did not take issue with that position or with the court's apparent invocation of that position in its *sua sponte* excusal of a venireperson, such excusal was "in the nature of an uncontested excusal for cause, and thus defendant could not have made a meaningful contribution" to the sidebar discussion (*People v Garcia*, 265 AD2d 171, *lv denied* 94 NY2d 862). Since it is clear that the excusal of a venireperson who was acquainted with defense counsel was for cause, defendant's presence was not required, and his contention that the venireperson's statement was insufficient to warrant excusal for cause is not germane to the issue of defendant's right to be present (*People v Warren*, 272 AD2d 165, *lv denied* 95 NY2d 872).

Trial counsel's failure to move for dismissal of the attempted murder count on Statute of Limitations grounds does not require a finding of ineffectiveness, since defendant has not established that such a motion had any likelihood of success. Even were we to assume, without deciding, that an untimely count cannot be rendered timely by virtue of being joined with a timely count, in this case murder, arising from the same transaction (*see, People v Gulston*, 181 Misc 2d 644), the existing record indicates that prosecution of this count was timely because the limitations period had been tolled for a sufficient period (CPL 30.10 [4] [a]). Concur—Rosenberger, J. P., Williams, Andrias, Wallach and Saxe, JJ.