*478 OPINION OF THE COURT
John G. Marks, J.
The defendant moves for an order dismissing the simplified traffic information charging a violation of Vehicle and Traffic Law § 1192 (1) (driving while impaired), pursuant to CPL 210.20 (1) (f); 170.30 (1) (d) and 30.10 (2) (d), the New York Civil Rights Law and the Federal and State Constitutions, as a time-barred prosecution or, in the alternative, a pretrial hearing for a determination of facts pertaining to the issues presented herein.
The defendant was arraigned in Nassau County District Court on January 16, 1999 and charged with violating Vehicle and Traffic Law § 1192 (3) (driving while intoxicated); § 319 (1) (operating without insurance); § 1181 (a) (impeding traffic); § 1229-c (3) (failure to wear a seat belt); and § 375 (30) (obstructed view). Huntley, Mapp, refusal, and voluntariness hearings were conducted on October 16, 18 and 19, 2000. A decision was rendered on February 28, 2001. Said decision held that the People were precluded from introducing any evidence of the defendant’s alleged refusal to submit to a chemical test in their case-in-chief.
On or about March 15, 2001, the People superceded the old Vehicle and Traffic Law § 1192 (3) charge with a Vehicle and Traffic Law § 1192 (3) charge that alleged driving while intoxicated and a Vehicle and Traffic Law § 1192 (1) (driving while ability impaired) charge.
On April 30, the defendant was arraigned on the Vehicle and Traffic Law § 1192 (1) charge and on the next day the People superceded the original Vehicle and Traffic Law § 1192 (3) charge with an information that alleged a violation of the same section without mentioning any evidence of the defendant’s alleged refusal.
At the outset, the Court notes that CPL 210.20 refers to motions to dismiss or reduce an indictment which is not applicable to the instant motion. Therefore, this motion will be decided pursuant to CPL 170.30 (1) (d) and 30.10 (2) (d).
CPL 170.30 (1) (d) states:
“1. After arraignment upon an information, a simplified information, a prosecutor’s information or a misdemeanor complaint, the local criminal court may, upon motion of the defendant, dismiss such instrument or any count thereof upon the ground that * * *
*479 “(d) The prosecution is untimely, pursuant to [§] 30.10.”
CPL 30.10 (2) (d) states:
“(1) A criminal action must be commenced within the period of limitation prescribed in the ensuing subdivisions of this section.
“(2) Except as otherwise provided in subdivision three * * *
“(d) A prosecution for a petty offense must be commenced within one year after the commission thereof.”
Defense counsel contends that the Vehicle and Traffic Law § 1192 (1) charge is a new charge that was not previously filed, and is not intended to replace an existing charge under docket No. 001057/99. Therefore, the defendant now moves to dismiss the Vehicle and Traffic Law § 1192 (1) charge on the grounds that it is time barred.
CPL 30.10 embodies the “statute of limitations” for criminal actions. It deals with the time elapsed between commission of the offense and commencement of the action, and it bars prosecution of actions not commenced within the statutorily prescribed period (see, Peter Preiser, Practice Commentaries, McKinneys Cons Laws of NY, Book 11 A, CPL 30.10, at 135).
In the instant case the prescribed period for commencement of an action is within one year after the commission of the offense. The alleged violation occurred on January 16, 1999. The defendant was not arraigned on the charge of driving while impaired until April 30, 2001, clearly outside the time period allowed by law.
The People contend that the Vehicle and Traffic Law § 1192 (1) charge stems directly from the original charges; that the factual allegations underlying the section 1192 (1) charge are identical to those underlying the section 1192 (3) charge; and that no new facts are alleged. Therefore, the filing date of the additional charge relates back to the original filing date.
The People’s argument attempts to make the time limitations of CPL 30.10 similar to the limitations of CPL 30.30, the “speedy trial” provision. Upon examination of the wording of both statutes, the Court disagrees with the People’s argument.
In People v Gulston (181 Misc 2d 644 [Sup Ct, Kings County 1999]), the court examined the purpose of a statute of limitations. It restated the general principle of law which applies to many phases of the criminal law and known to the Legislature that each count in an indictment is deemed to be a separate accusatory instrument. The court determined that *480 when the Legislature enacted the current CPL 30.10 it knew that each count was deemed separate from the remaining counts. Therefore, the court reasoned that by failing to provide in CPL 30.10 that the indictment is to be treated as a single whole, the Legislature made this general principle applicable to the statute of limitations.
Applying this reasoning to the instant action, the Court will look at the individual charge of Vehicle and Traffic Law § 1192 (1) as a separate charge for statute of limitations purposes. Whereas more than one year has elapsed since the commission of the offense and the commencement of the action, the defendant’s motion is granted.
In any event, it should be noted that, pursuant to Vehicle and Traffic Law § 1192 (9), the defendant may be convicted of a violation of subdivision (1), (2) or (3) of this section, notwithstanding that the charge laid before the Court alleged a violation of subdivision (2) or (3) of this section.