People v Sanchez (2022 NY Slip Op 00514)





People v Sanchez


2022 NY Slip Op 00514


Decided on January 27, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 27, 2022

Before: Acosta, P.J., Renwick, Moulton, Scarpulla, Higgitt, JJ. 


Ind No. 3524/14 Appeal No. 15146 Case No. 2018-5627 

[*1]The People of the State of New York, Respondent,
v
Elvis Sanchez, Defendant-Appellant.


Caprice R. Jenerson, Office of the Appellate Defender, New York (Katrina Jean Myers of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Alexander Michaels of counsel), for respondent.



Judgment, Supreme Court, New York County (Robert M. Mandelbaum, J.), rendered September 17, 2018, as amended November 14, 2018, convicting defendant, after a nonjury trial, of two counts of predatory sexual assault against a child, three counts of sexual abuse in the first degree, three counts of rape in the second degree, seven counts of criminal contempt in the second degree, and one count each of endangering the welfare of a child and attempted assault in the third degree, and sentencing him to an aggregate term of 52 years to life, unanimously modified, as a matter of discretion in the interest of justice, to the extent of directing that the sentences for the predatory sexual assault convictions be served concurrently, resulting in a new aggregate term of 32 years to life, and otherwise affirmed.
Defendant, who signed a valid jury waiver in open court, did not preserve his
challenge to the court's inquiry into the voluntariness of his waiver (see People v Johnson, 51 NY2d 986 [1980]), and we decline to review it in the interest of justice. As an alternative holding, we find that defendant made a knowing, intelligent and voluntary waiver after an appropriate inquiry (see People v Smith, 6 NY3d 827, 828 [2006], cert denied 548 US 905 [2006]). The transcript contains a statement by the court about the requirement of jury unanimity that was plainly incorrect and contradicted what the court had just said. However, this was either a recording error (see e.g. People v Valdes, 283 AD2d 187 [1st Dept 2001], lv denied 97 NY2d 688 [2001]) or a slip of the tongue (see e.g. People v Suarez, 132 AD3d 550, 550 [1st Dept 2015]) that went unchallenged by counsel, and it does not warrant reversal where defendant had at least several days to consider waiving a jury trial and discussed the waiver with counsel. Defendant's mental competency had been established by a CPL article 730 examination, and there is no reason to doubt his capacity to waive a jury trial (People v Campos, 93 AD3d 581, 582-83 [1st Dept 2012], lv denied 19 NY3d 971 [2012]), or the adequacy of the court's inquiry.
Defendant's procedural challenges to his convictions of predatory sexual assault against a child are all unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we find his arguments to be unavailing. The court initially convicted defendant of two counts of rape in the first degree as well as the two corresponding counts of predatory sexual assault against a child, but at sentencing, upon defendant's motion and the People's concession, it dismissed the rape counts as multiplicitous (see Penal Law §§ 130.96; 130.35[4]). To the extent that, before summations, the court should have specified the counts in the indictment it was considering and designated the first-degree rape counts as lesser included offenses of the predatory sexual assault counts (see CPL 320.20[5]), any error was harmless. Those counts were all charged in the indictment, so [*2]the defense was able to address them in summation (see People v Cooper, 128 AD3d 431, 1433 [4th Dept 2015], lv denied 26 NY3d 966 [2015]), and defendant has not demonstrated any prejudice. Defendant's argument that in convicting defendant of the greater and lesser counts and then dismissing the lesser counts, the court violated the principles of Apprendi v New Jersey (530 US 466 [2000]) is likewise unpreserved and without merit (see People v Lawrence, 81 AD3d 1326, 1327 [4th Dept 2011], lv denied 17 NY3d 797 [2011]; see also People v Adams, 50 AD3d 433, 433 [1st Dept 2008], lv denied 10 NY3d 955 [2008]).
Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). Accordingly, because defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal.
We find the sentence excessive to the extent indicated.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 27, 2022