People v Milohnic (2023 NY Slip Op 23401)

[*1]

People v Milohnic (Jacqueline)

2023 NY Slip Op 23401

Decided on December 7, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Miscellaneous Reports.

Decided on December 7, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., ELIZABETH H. EMERSON, GRETCHEN WALSH, JJ

2023-421 D CR

The People of the State of New York, Respondent,
against
Jacqueline Milohnic, Appellant. 

Gary E. Eisenberg, for appellant.
Keane & Beane, P.C. (Robert Zitt of counsel), for respondent.

Appeal from a judgment of the City Court of Beacon, Dutchess County (Gregory J. Johnston, J.), rendered October 28, 2022. The judgment convicted defendant, after a nonjury trial, of failing to exercise due care to avoid colliding with a pedestrian, and imposed sentence.

ORDERED that the judgment of conviction is reversed, on the law, the accusatory instrument is dismissed, and the fine, if paid, is remitted.
In December 2021, defendant was charged with failing to yield the right of way to a pedestrian in a crosswalk when traffic-control signals are not in place in violation of Vehicle and Traffic Law § 1151 (a). The evidence adduced at a nonjury trial showed that there were functioning traffic-control signals at the intersection where the vehicle defendant was driving struck a pedestrian who was crossing the street within the crosswalk. The pedestrian later died from the injuries she sustained in the collision. Following summations, the City Court reserved its decision. In a letter to the City Court, the People requested that the court consider Vehicle and Traffic Law § 1146 (a) as a lesser included offense. Defendant submitted written opposition to this request. Thereafter, in its written decision after trial dated September 7, 2022, the City Court, among other things, found defendant not guilty of violating Vehicle and Traffic Law § 1151 (a), and guilty of violating Vehicle and Traffic Law § 1146 (a), as a lesser included offense. Defendant was subsequently sentenced to, among other things, a $750 fine. On appeal, defendant contends that the City Court should not have granted the People's untimely request for the consideration of a lesser included offense; that Vehicle and Traffic Law § 1146 (a) is not a lesser included offense of Vehicle and Traffic Law § 1151 (a); and that the verdict was against the weight of the evidence.
The Court of Appeals has stated that "requests to submit lesser included offenses, as a general rule, should be made prior to submission to the jury (see CPL 300.50 subd. 2; 470.05)" [*2](People v Duncan, 46 NY2d 74, 80 [1978]). With respect to nonjury trials, CPL 320.20 (5) provides that a court "before considering a multiple count indictment for the purpose of rendering a verdict thereon, and before summations . . . must designate and state upon the record the counts upon which it will render a verdict" (see People v Sanchez, 201 AD3d 599 [2022]; People v Hughes, 220 AD2d 529, 530 [1995]). Although the failure to follow the mandate of CPL 320.20 (5) can be considered harmless error (see Sanchez, 201 AD3d 599; People v Lugo, 87 AD3d 1403, 1404 [2011]; People v DeBaptiste, 237 AD2d 298 [1997]), reversible error occurs if a court considers a charge which is not actually a lesser included offense (see Hughes, 220 AD2d at 530).
In People v Glover (57 NY2d 61 [1982]), the Court of Appeals held that two tests must be met for an offense to be a "lesser included offense." First, it must be shown that the additional offense is an offense of lesser grade or degree and that it is impossible to commit the charged, greater, crime without concomitantly, by the same conduct, committing the lesser offense (see CPL 1.20 [37]). Second, there must be a reasonable view of the evidence that supports a finding that the defendant committed the lesser offense but not the greater (see Glover, 57 NY2d at 63-64; People v Green, 56 NY2d 427, 430 [1982]). In Green, the Court of Appeals held that:
"If the lesser crime requires demonstration of an element or fact not required by the greater, the impossibility test has not been met and the charge should not be given. . . . Likewise, when the greater crime is an offense of strict liability with respect to an element of required conduct, no offense which includes as part of its required conduct a culpable mental state can be a lesser included offense because it is possible to commit the greater offense without 'by the same conduct' committing the lesser" (Green, 56 NY2d at 431).
Vehicle and Traffic Law § 1146 (a) provides, in pertinent part, that "every driver of a vehicle shall exercise due care to avoid colliding with any . . . pedestrian . . . upon any roadway" (emphasis added). Vehicle and Traffic Law § 1151 (a) provides, in part, that "[w]hen traffic-control signals are not in place or not in operation the driver of a vehicle shall yield the right of way, slowing down or stopping if need be to so yield, to a pedestrian crossing the roadway within a crosswalk." 
A violation of Vehicle and Traffic Law § 1146 (a) requires a showing that the defendant failed to "exercise due care," whereas a violation of Vehicle and Traffic Law § 1151 (a) does not. Consequently, it is possible to commit the greater offense (Vehicle and Traffic Law § 1151 [a]) even though due care has been exercised and, therefore, without at the same time committing the lesser offense (Vehicle and Traffic Law § 1146 [a]). In view of the foregoing, Vehicle and Traffic Law § 1146 (a) is not a lesser included offense of Vehicle and Traffic Law § 1151 (a) (see Green, 56 NY2d at 430-432; Hughes, 220 AD2d at 531). As defendant was found not guilty of violating Vehicle and Traffic Law § 1151 (a), and was clearly denied a fair trial due to the City Court's erroneous consideration of Vehicle and Traffic Law § 1146 (a) as a lesser included offense (see Hughes, 220 AD2d at 531), the judgment of conviction cannot stand.
We pass on no other issue.
Accordingly, the judgment of conviction is reversed and the accusatory instrument is dismissed.
GARGUILO, P.J., EMERSON and WALSH, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 7, 2023