People v Hufnagle (2024 NY Slip Op 04666)

People v Hufnagle

2024 NY Slip Op 04666

Decided on September 27, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, MONTOUR, NOWAK, AND DELCONTE, JJ.

575 KA 22-01635

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
WILLIAM L. HUFNAGLE, DEFENDANT-APPELLANT. 

KEEM APPEALS, PLLC, SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.
ANTHONY J. DIMARTINO, JR., DISTRICT ATTORNEY, OSWEGO (AMY L. HALLENBECK OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Oswego County Court (Karen M. Brandt Brown, J.), rendered May 3, 2022. The judgment convicted defendant, after a nonjury trial, of sexual abuse in the first degree (two counts) and endangering the welfare of a child. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, after a nonjury trial, of two counts of sexual abuse in the first degree (Penal Law § 130.65 [3]) and one count of endangering the welfare of a child (§ 260.10 [1]). Initially, we conclude that defendant " 'failed to preserve for our review his contention that he did not knowingly, voluntarily and intelligently waive the right to a jury trial inasmuch as he did not challenge the adequacy of his allocution with respect to the waiver' " (People v Evans, 206 AD3d 1613, 1614 [4th Dept 2022], lv denied 38 NY3d 1133 [2022]; see People v Barnett, 221 AD3d 1421, 1422 [4th Dept 2023], lv denied 41 NY3d 964 [2024]). In any event, defendant's contention lacks merit. The record establishes that defendant " 'was advised of, understood and knowingly waived his right to a jury trial, after discussing it with counsel and signing a written waiver of jury trial in open court' " (Evans, 206 AD3d at 1614; see generally People v Smith, 6 NY3d 827, 828 [2006], cert denied 548 US 905 [2006]). Inasmuch as defendant's mental competency was established by a CPL article 730 examination, there is "no reason to doubt his capacity to waive a jury trial" (People v Sanchez, 201 AD3d 599, 600 [1st Dept 2022], lv denied 38 NY3d 1009 [2022]; see People v Campos, 93 AD3d 581, 582-583 [1st Dept 2012], lv denied 19 NY3d 971 [2012]).
Contrary to defendant's contention, we conclude that the evidence, viewed in the light most favorable to the People (see People v Delamota, 18 NY3d 107, 113 [2011]), is legally sufficient to support the conviction (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). The sworn testimony of the minor victim that defendant inappropriately touched her vagina is legally sufficient to support the conviction of sexual abuse in the first degree (see Penal Law
§ 130.65 [3]; People v Russell, 50 AD3d 1569, 1569 [4th Dept 2008], lv denied 10 NY3d 939 [2008]; see also People v Scerbo, 74 AD3d 1730, 1731-1732 [4th Dept 2010], lv denied 15 NY3d 757 [2010]), and "[b]ecause the evidence . . . [is] legally sufficient with respect to [defendant's] conviction of sexual abuse, it necessarily also [is] legally sufficient with respect to the conviction of endangering the welfare of a child" (Scerbo, 74 AD3d at 1732; see generally § 260.10 [1]).
Furthermore, viewing the evidence in light of the elements of the crimes in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495). "In a bench trial, no less than a jury trial, the resolution of credibility issues by the trier of fact and its determination of the weight to be accorded the evidence presented are entitled to great deference" (People v Kouao, 177 AD3d 1335, 1335 [4th Dept 2019], lv denied 34 NY3d 1160 [2020] [*2][internal quotation marks omitted]; see People v McCoy, 100 AD3d 1422, 1422 [4th Dept 2012]). Although a different verdict would not have been unreasonable (see Danielson, 9 NY3d at 348), we see no basis to reject County Court's credibility and weight determinations here (see People v McMillian, 158 AD3d 1059, 1061 [4th Dept 2018], lv denied 31 NY3d 1119 [2018]; People v Beauharnois, 64 AD3d 996, 998-999 [3d Dept 2009], lv denied 13 NY3d 834 [2009]).
Defendant also contends that he was denied effective assistance of counsel. " 'To prevail on his claim, defendant must demonstrate the absence of strategic or other legitimate explanations for [defense] counsel's failure to pursue colorable claims' " (People v Wills, 224 AD3d 1329, 1330 [4th Dept 2024], lv denied 41 NY3d 1005 [2024]), and " '[t]here can be no denial of effective assistance of
. . . counsel arising from [defense] counsel's failure to make a motion or argument that has little or no chance of success' " (id. at 1331). Defendant's mental competency had been previously established by a CPL article 730 examination, and thus defense counsel was not ineffective in failing to request a second examination, which would have had "little or no chance of success" (People v Stultz, 2 NY3d 277, 287 [2004], rearg denied 3 NY3d 702 [2004]); nor was defense counsel ineffective in failing to pursue a defense of mental disease or defect, which was not supported by the record (see People v Hurlbert, 81 AD3d 1430, 1430-1431 [4th Dept 2011], lv denied 16 NY3d 896 [2011]). Defendant's argument that defense counsel was ineffective in failing to request an adjournment to allow him time to prepare, or obtain an expert to prepare, a sentencing memorandum lacks merit because defendant has not shown that defense counsel "could have articulated some [additional] basis for leniency" (People v Adams, 247 AD2d 819, 819 [4th Dept 1998], lv denied 91 NY2d 1004 [1998]) or that "[an expert opinion] was available, that it would have assisted the [court] in its determination [and] that [defendant] was prejudiced by its absence" (People v Englert, 130 AD3d 1532, 1533 [4th Dept 2015], lv denied 26 NY3d 967 [2015], 26 NY3d 1144 [2016] [internal quotation marks omitted]). Defendant's argument that defense counsel should have requested an adjournment to ensure that defendant's participation in the proceedings—including, inter alia, his decision to forgo a plea and his waiver of a jury trial—were knowing and voluntary
" 'implicates his relationship with his trial attorney and is to be proved, if at all, by facts outside the trial record in a proceeding maintainable under CPL 440.10' " (People v Magnano, 158 AD2d 979, 979 [4th Dept 1990], affd 77 NY2d 941 [1991]; see People v Dallas, 119 AD3d 1362, 1364 [4th Dept 2014], lv denied 24 NY3d 1083 [2014]).
Finally, the sentence is not unduly harsh or severe.
Entered: September 27, 2024
Ann Dillon Flynn
Clerk of the Court