## COURT OF APPEALS.
### April 26, 1910.

# THE PEOPLE v. PHILIP THOMPSON.

### (198 N. Y. 396.)

(1). APPEAL—COURT OF APPEALS CANNOT EXAMINE FACTS TO ASCERTAIN WHETHER VERDICT SUSTAINED BY EVIDENCE.

The Constitution (Art. 6, § 9) providing that no unanimous decision of the Appellate Division of the Supreme Court that there is evidence supporting or tending to sustain a finding of fact or a verdict shall be reviewed by the Court of Appeals, precludes any review of such decision by the Court of Appeals in criminal as well as in civil cases.

(2). SAME—ROBBERY.

On the trial of an indictment for robbery in the first degree where it was charged that defendants were accomplices actually present at the time of the commission of the crime, the jury found them guilty of robbery in the second degree under the charge of the court that "You are at liberty if you find these defendants guilty at all, to find them guilty of robbery in any of those degrees (first, second or third) *according to the facts which you may determine to be true,*" to which there was no exception or request to charge. The judgment of conviction was unanimously affirmed. *Held,* that this court cannot examine the facts to determine whether they are sufficient to sustain the conviction.

(3). SAME—TRIAL—CHARGE DEFINING ROBBERY IN THIRD DEGREE SUSTAINED.

The court defined robbery in the first and second degrees and then said: "Robbery in the third degree is simply when the deed or crime is accomplished by the use of fear; that is, fear of injury not at the present time, but in the future," to which defendants excepted. No request was made to charge further as to robbery in the third degree, nor was there any evidence raising a question as to the property having been taken under circumstances as to call for such a charge. *Held,* that defendants, who were found guilty of robbery in the second degree, were not prejudiced by the failure of the court to include in the statement of what constitutes robbery in the third

degree a recital of every act constituting robbery not included in the statutory definition of robbery in the first and second degrees.

(4). SAME—JURY—STATEMENT BY JUROR TO FELLOW MEMBERS THAT DE-
FENDANT RESEMBLED "TOUGH PEOPLE" OF THE SAME NAME—NOT
REVERSIBLE ERROR.

The statement by a member of the jury in a criminal case, made to his fellow jurors during their deliberations upon a verdict, that he had known people by the same name as defendant in a town where he formerly lived, who were "the toughest set he about ever knew," and that he was impressed during the trial with defendant's resemblance to them, is not such misconduct as will justify the court interfering with the verdict of the jury.

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered January 12, 1910, which affirmed a judgment of the Monroe County Court rendered upon a verdict convicting the defendants of the crime of robbery in the second degree.

The facts, so far as material, are stated in the opinion.

*George S. Van Schaick* for appellants. The verdict was contrary to law. (*People v. Monroe,* 190 N. Y. 435; *People v. Mabbit,* 7 N. Y. Supp. 339; *Dedieu v. People,* 22 N. Y. 178; *People v. De Garmo,* 73 App. Div. 46; *People v. Downs,* 56 Hun, 511; *People v. Randazzo,* 127 App. Div. 824.) These defendants did not have a fair trial by an impartial jury. (*People v. Bishop,* 66 App. Div. 415; *People v. Shad,* 58 Hun, 571.) The court erred in its definition of robbery, third degree. (Code Crim. Pro. § 444; Penal Code, §§ 224, 228, 230.)

*Howard H. Widener, District Attorney (Arthur G. Dutcher* of counsel), for respondent. The verdict of the jury was not contrary to law. (*People v. Rugg,* 98 N. Y. 537; *People v. Willson,* 109 N. Y. 347; *People v. Stacy,* 119 App. Div. 748; *People ex rel. Youngs v. Stout,* 81 Hun, 339; *People v. Granger,*

187 N. Y. 67, 72; *People v. Young,* 96 App. Div. 33; *People v. Meegan,* 104 N. Y. 531; *People v. Austin,* 170 N. Y. 585; *People v. Tuczkewitz,* 149 N. Y. 252; *People v. Barone,* 161 N. Y. 451.) The defendants were tried by a fair and impartial jury. (*People v. Gallagher,* 75 App. Div. 39; 174 N. Y. 505.) Appellants cannot now bring before this court for review alleged errors to which exceptions were not taken. (Code Crim. Pro. §§ 527, 528; Const. of N. Y. art. 6, § 9; *People v. Sherlock,* 166 N. Y. 180; *People v. Shattuck,* 194 N. Y. 424.)

CHASE, J.:

The defendants were jointly indicted for the crime of robbery in the first degree. The indictment specifically charged that the defendants were accomplices actually present at the time of the commission of the crime, aiding and assisting each other in its commission. The jury found them guilty of robbery in the second degree.

The Code of Criminal Procedure, section 444, expressly provides that upon an indictment for a crime consisting of different degrees the jury may find the defendant not guilty of the degree charged in the indictment and guilty of any degree inferior thereto.

The defendants contend that the verdict rendered by the jury is inconsistent with any view of the facts claimed by the prosecution during the trial and wholly unjustified by the evidence, and that notwithstanding the provision of the Code of Criminal Procedure from which we have quoted a verdict against the defendants convicting them of robbery in the second degree should not be sustained. The question of the sufficiency of the evidence to support the verdict is not before us. The court in its charge to the jury said: " You are at liberty if you find these defendants guilty at all, to find them guilty of robbery in any of those degrees (first, second or third) *according*

*to the facts which you may determine to be true."* There was no exception to this charge of the court and no request to charge that in any way presents the question of law contended for by the defendants. It is not impossible for two persons to be guilty of one robbery in the second degree as defined by the statute. The jury found the defendants guilty of robbery in the second degree and the judgment has been unanimously affirmed. We cannot examine the facts to determine whether they are sufficient to sustain the conviction.

The constitutional provision that no unanimous decision of the Appellate Division of the Supreme Court that there is evidence supporting or tending to sustain a finding of fact or a verdict shall be reviewed by the Court of Appeals (Constitution, article 6, section 9) is unqualified in its language and precludes a review thereof by the Court of Appeals in criminal as well as in civil cases. (*People v. Mingey,* 190 N. Y. 61, 21 N. Y. Crim. 416; *People v. Maggiore,* 189 N. Y. 514; *People v. Huson,* 187 N. Y. 97, 20 N. Y. Crim. 336; *People v. De Garmo,* 179 N. Y. 130, 18 N. Y. Crim. 430.) It is immaterial how the question as to whether there is any evidence tending to sustain a verdict is raised. The constitutional provision is equally prohibitive whether the question is presented by a motion to discharge the defendant, for a new trial, or in arrest of judgment.

The defendants excepted to a charge of the court defining robbery in the third degree. Such exception raises a question of law that requires an examination of the record to ascertain whether if the court erred in the charge the defendants have been prejudiced thereby.

The court defined robbery in the first and second degrees and then said: " Robbery in the third degree is simply when the deed or crime is accomplished by the use of fear; that is fear of injury not at the present time but in the future."

Robbery as now defined by statute, " Is the unlawful taking of personal property, from the person or in the presence of another, against his will, by means of force, or violence, or fear of injury, immediate or future, to his person or property, or the person or property of a relative or member of his family, or of any one in his company at the time of the robbery." (Penal Code, section 224; Penal Law, section 2120.)

It is also provided by statute that " the force or fear must be employed either to obtain or retain possession of the property or to prevent or overcome resistance to the taking." (Penal Code, section 225; Penal Law, section 2121.)

The statute then defines robbery in the first degree and robbery in the second degree and includes therein all forms of taking property " *by means of force, or violence, or fear of injury* " when the taking is immediate; except perhaps the taking of personal property from a person against his will by force not amounting to violence. (Penal Code, sections 228 and 229; Penal Law, sections 2124 and 2126).

Robbery in the third degree is then defined as follows: " A person who robs another, under circumstances not amounting to robbery in the first or second degree, is guilty of robbery in the third degree." (Penal Code, section 230; Penal Law, section 2128).

Robbery in the third degree includes the taking of personal property by means of fear of injury in the future and it is claimed that it includes the taking of personal property by force not amounting to violence.

Robbery was defined in the Revised Statutes as follows: " Every person who shall be convicted of feloniously taking the personal property of another from his person, or in his presence, and against his will, by violence to his person, or by putting such person in fear of some immediate injury to his person, shall be adjudged guilty of robbery in the first degree."

(2 Revised Statutes, part 4, chapter 1, article 5, section 55). And a person who shall be convicted of such taking through fear of some injury threatened to be inflicted at some different time is declared to be guilty of robbery in the second degree. (2 Revised Statutes, part 4, chapter 1, article 5, section 56).

Whether the change in the language defining robbery made when the Revised Statutes relating thereto were repealed and the Penal Code was enacted has made a distinction between " force " and " violence " and included in the crime of robbery the unlawful taking of personal property by force not amounting to violence, it is not necessary at this time to consider, because the defendants were not prejudiced by the failure if at all of the court to include in the statement of what constitutes robbery in the third degree a recital of every act constituting robbery not included in the statutory definition of robbery in the first and second degrees.

The defendants did not suggest to the court any charge relating to robbery in the third degree to which they deemed themselves entitled, and there is nothing in the evidence as shown by the record to charge the defendants with robbery in the third degree if such crime includes all that the defendants now claim that it includes. The evidence does not show or in the slightest tend to show that the defendants took personal property from the complainant through fear by him of injury either immediate or future or that by any possible construction raises a question of fact as to such property having been taken by force not amounting to violence.

We have recently held in the case of *People v. Schleiman* (197 N. Y. 383; 24 N. Y. Crim —), that to convict a person of a lesser degree of the same crime on which he is indicted the facts proved or sought to be proved should really and logically justify a conviction for such lesser grade of crime. (See *Dedieu v. People,* 22 N. Y. 178).

The defendants also complain by reason of the fact that one of the jurymen before whom they were tried during the deliberations of the jury stated to his fellow-jurymen that some years before, he lived in Auburn where the defendants reside and that about a mile and a half north of the city there were a lot of people by the name of O'Hara and that they were the toughest set he about ever knew. He further said to them that when he was selected as a juryman he did not associate in his mind the defendant O'Hara with the people that he used to know, but that as he looked at him during the trial he was impressed with the resemblance. It further appeared that the juryman who made this statement moved away from Auburn several years before the defendant O'Hara was born, and that his statement to his fellow-jurors was simply his recollection of a family known in his boyhood days as "tough," and that the defendant O'Hara resembled that family as he remembered them.

There is nothing in the facts so appearing to require that the court interfere with the verdict of the jury as rendered. The other objections and exceptions urged by the defendants are trival and do not require discussion.

The judgment of conviction should be affirmed.

CULLEN, Ch. J., GRAY, EDWARD T. BARTLETT, WERNER, WILLARD BARTLETT and HISCOCK, JJ., concur.

Judgment of conviction affirmed.