THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM C. LEGACY, Appellant.

Third Department, October 19, 1957.

*John T. De Graff, Jr.,* for appellant.

*George N. Meyl, District Attorney (Condon A. Lyons* of counsel), for respondent.

BERGAN, J. Appellant has been convicted of robbery third degree after a trial of an indictment charging him with robbery first degree. He argues that the facts established in the record do not constitute robbery third degree; hence, that a conviction for that crime is not justified, and that the judgment should be reversed.

The facts as appearing in the record would tend to suggest that if the defendant was guilty of robbery at all, it was for the crime of robbery second degree; or possibly of robbery first degree, if the jury found that the gun used had been a real gun. Defendant's argument that the facts do not nicely fit the pattern of robbery third degree, seems to us to be logically and technically right.

The complaining witness testified that the defendant, wearing a mask which he later removed, held him up in a diner at gunpoint and took money from him. Complainant said the gun was real, but there was found later in a car owned by defendant's wife a toy pistol meeting the description of the weapon described by complainant and the confession of defendant made to the police described the crime as having been committed with that toy pistol.

If the jury found the weapon to have been real it would be warranted in returning a verdict of guilty of robbery first degree since that crime, by definition, is committed by taking property, accomplished through fear, by a person armed with a dangerous weapon (Penal Law, § 2124).

But the course of proof in this case seems to suggest that the crime was accomplished through fear produced by the toy pistol which the complainant believed to be real; and such a crime would fall within the scope of robbery second degree, since that, by definition, is robbery by a person not armed with a dangerous weapon, i.e., " not under circumstances amounting to robbery in the first degree " and is accomplished, rather, by " putting the person robbed in fear of immediate injury to his person " (§ 2126). There are other elements which may enter into the crime in both these degrees not relevant here.

The proof, therefore, suggests, and would sustain fully, a finding of guilty of robbery second degree since the crime was accomplished by putting the complainant in fear of the immediate injury to his person, a fear of being shot by what he believed to be a weapon capable of shooting him.

But the jury passed by this degree to find defendant guilty of a crime, the elements of which are employment of fear to obtain property (§ 2121) "not amounting to robbery in the first or second degree" (§ 2128, defining robbery third degree).

Conviction for this degree of crime was not, therefore, technically justified by the evidence. Defendant should have been convicted of first degree robbery if the jury believed the gun was real; or more probably of second degree, if they believed, as manifestly they did, that the gun was not real but the complainant regarded it as capable of shooting him.

To warrant a conviction for a lesser degree of the crime charged it is essential that the facts proved should "really and logically justify a conviction for the lower grade of crime" (BARTLETT, J., discussing with approval the view of the Trial Judge in the murder trial considered in *People* v. *Schleiman*, 197 N. Y. 383, 385).

Where due exception is taken a conviction for a lower degree not consistent with the facts proved will be reversed (*Dedieu* v. *People*, 22 N. Y. 178), even though conviction for a higher degree would be consistent with the evidence. In that case both Judge DENIO (p. 186) and Judge WRIGHT (pp. 187, 188) laid down standards under the Revised Statutes provisions which apply with equal force to the present code. There is an interesting and relevant discussion of robbery in *People* v. *Thompson* (198 N. Y. 396) which refers with approval to the *Schleiman* decision (p. 401), but the *Thompson* case is not directly decisive of the question now before us.

If a defendant is to rely on this technically correct legal argument, however, he ought to make his reliance clear on the trial. The alternative given to a jury of finding the accused guilty of a lesser degree of crime may often be beneficial to him, since it permits a jury to exercise without explanation a technically incorrect measure of mercy if conviction in the lower degree is not consistent with the proof.

If he does not want the benefit of general instructions to a jury allowing it to find lesser degrees of crime (Code Crim. Pro., §§ 444, 445), he ought to request that the jury be limited either to finding the proper higher degree or to returning a verdict of acquittal. He ought not be allowed to take the benefit of the favorable charge and complain about it on appeal.

The County Court was justified in denying a motion for a new trial based on newspaper accounts of the proceedings and in holding that they had not prejudiced defendant's rights to a fair trial in view of the court's admonition to the jury not to read newspaper accounts of the trial.

Not only are the jurors presumed to have faithfully followed these instructions and generally to have acted only on the evidence, but the assessment by the Judge, who went through the trial and sensed its atmosphere, of the prejudicial effect, if any, of such a publication is entitled to weight on an appellate review.

We add that counsel for defendant who has prosecuted this appeal on our assignment has acquitted his professional obligation with distinction.

The judgment should be affirmed.

FOSTER, P. J., COON, HALPERN and GIBSON, JJ., concur.

Judgment of conviction affirmed.