■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE WOODS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered March 11, 1974, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence. Judgment affirmed. We have examined in detail the issues raised by appellant on this appeal and find them to be without merit. In our opinion, he had a fair and impartial trial and the evidence adduced amply supported the verdict. Latham, Acting P. J., Margett and Brennan, JJ., concur; Cohalan, J., dissents and votes to reverse the judgment and dismiss the indictment, with the following memorandum, in which Munder, J., concurs: George Woods was indicted for the crimes of robbery in the second degree, grand larceny in the second degree, grand larceny in the third degree and burglary in the third degree. In substance it was alleged that on August 2, 1972 Woods and a male confederate (not apprehended) accosted the complaining witness on a Brooklyn street. Between them the two men perpetrated the confidence game of "finding" money in the street and offering her a share of it if she would put up some money of her own as evidence of good faith. The complainant testified at the trial that Woods told her she would have to give them (the two men) $2,500 "to make us know that you won't tell anybody" that they had found the money and "for your own safety." In due course she was persuaded to allow them to accompany her to her apartment. There she obtained her savings account passbook. With the two men still accompanying her, she proceeded to her bank, from which she withdrew $2,500 and she handed it over to the two men in a car parked nearby. She testified that she refused to accept a share of the "found money" which, of course, was nonexistent. She expressed fear for her safety at the hands of the two men had she not complied with their demand. At the conclusion of the People's case, and on motion of the defense attorney, the trial court dismissed the two counts of grand larceny and the one count of burglary. In dismissing the larceny counts, the court commented that it was doing so only "because of failure of pleading" and, further, the court remarked that "the pleading should have been that grand larceny was committed by extortion, but because it wasn't pleaded, and only because of that, I am granting the motion to dismiss that." We consider the dismissal of the larceny counts to have been erroneous. The larceny committed in this case was not larceny by extortion, which must be specifically pleaded (Penal Law, § 155.45), but a common-law larceny by trick or by false pretenses and the indictment

sufficiently pleaded that crime (Penal Law, § 155.05). By the court's dismissal of the larceny and burglary counts, the count of robbery in the second degree was left standing alone. The definition of robbery is found in section 160.00 of the Penal Law, which states, in pertinent part, that "Robbery is forcible stealing." The germane portion of the definition of robbery in the second degree reads (Penal Law, § 160.10): "A person is guilty of robbery in the second degree when he forcibly steals property and when: 1. He is aided by another person actually present". In discussing the definition of robbery under the present Penal Law, the commentator distinguished it from the Penal Law of 1909 (Hechtman, Practice Commentaries, McKinney's Cons. Laws of N.Y., Book 39, Penal Law, § 160.00, pp 194–196): "This section substantially changes the former definition of robbery, which appeared in two sections of the former Penal Law (§§ 2120, 2121): * * * (3) Under the former definition, robbery may be committed by means of threatened injury to another's 'property' as well as to his 'person' (§ 2120). Thus, the acquisition of money from a person upon a threat to set fire to his house or destroy his furniture, though savoring far more strongly of extortion than of robbery (former Penal Law §§ 850, 851 [1]), formerly constituted robbery as well as extortion. Limiting the robbery ambit to use or threatened use of 'physical force upon another *person*', the revised definition relegates threatened *property damage* cases to the extortion area (§§ 155.05 [2(e) (ii)], 155.30 [6], 155.40). (4) In a similar vein, the former definition created an overlap with respect to the crimes of robbery and extortion by predicating robbery upon a threat of injury, 'immediate *or future*' (§ 2120; see *People v Thompson,* 1910, 198 NY 396 * * * ). Under that formulation, the obtaining of money from a person upon a threat to assault him a month later constituted robbery. Under the Revised Penal Law, the only crime committed by a threat of physical injury 'in the future' is extortion (§ 155.05 [2(e) (i)]) and robbery of the threat variety is expressly limited herein to one who 'threatens the *immediate* use of physical force upon another person' " (emphasis in original). Thus, even if the trial court had permitted the larceny counts to go to the jury, we do not believe that the facts developed at the trial proved the commission of a robbery. We are of the opinion, also, that in the absence of a larceny count a robbery conviction cannot be sustained. Since we have reached this conclusion, we do not deem it necessary to discuss the other points raised in appellant's brief.