■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY BARNES, Appellant.—Appeal from a judgment of the County Court of Tompkins County, rendered October 19, 1976, convicting defendant of the crimes of rape in the first degree, sodomy in the first degree, robbery in the first degree and burglary in the first degree and sentencing him, as a second felony offender, to four concurrent terms of imprisonment, each with a maximum term of 25 years and a minimum term of 12½ years. At approximately midnight on January 15, 1976, four men broke into a two-apartment house owned by Mr. and Mrs. James Solomon and located at 115 Ferris Place in Ithaca, New York. There followed vicious attacks upon both Mr. and Mrs. Solomon, who resided in the upstairs flat, and, as a result of the incident, defendant was ultimately convicted by a jury verdict of the crimes of rape in the first degree (Penal Law, § 130.35), sodomy in the first degree (Penal Law, § 130.50), robbery in the first degree (Penal Law, § 160.15) and burglary in the first degree (Penal Law, § 140.30). He was thereafter sentenced, as a second felony offender, to four concurrent indeterminate terms of imprisonment of 12½ to 25 years each. On this appeal, defendant initially argues that the verdict of the jury was not supported by the weight of the credible evidence. We cannot agree. The strong and positive eyewitness and identification testimony of the victims, Mr. and Mrs. Solomon, was corroborated and reinforced by the testimony of several additional witnesses and plainly sufficient to establish defendant's guilt beyond a reasonable doubt. Similarly, defendant's other contentions are also without merit. Although the trial court neglected to admonish the jury immediately preceding a four-day adjournment in the trial not to read any newspaper accounts thereof, it did so instruct the jury on at least two other occasions and nothing in the record suggests that these instructions were not followed (cf. People v Legacy, 4 AD2d 453). As for the exclusion from evidence of a supplementary offense report prepared by Detective Traynor of the Ithaca Police Department, much of the information contained therein was elicited via Traynor's testimony at trial, and this circumstance together with the overwhelming evidence of defendant's guilt renders the exclusion to be, at most, harmless error. Judgment affirmed. Greenblott, J. P., Kane, Main, Mikoll and Herlihy, JJ., concur.