■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRES GARCIA, Appellant.—Judgment of conviction of manslaughter, first degree, and felonious possession of a weapon, Supreme Court, Bronx County, rendered July 20, 1977, unanimously modified, on the law, the case remanded for a new trial on the homicide count, and otherwise affirmed. The evidence pertinent here may be briefly summarized. One Harris, who had been drinking, had an argument with defendant, in the course of which defendant pulled a gun, which he pointed up in the air. Harris lunged for the gun and a struggle ensued, during which the pair fell between two doors, out of sight, and the gun went off. Harris was found dead. There was no evidence that defendant pointed the gun at Harris or otherwise evinced any intent to do any specific thing. No one witnessed the actual shooting on the other side of the doors. The evidence was in our view more than sufficient to establish some degree of homicide, whether or not satisfying section 125.20 of the Penal Law (manslaughter, first degree) or section 125.25 (murder, second degree) as to the specific requirement of intent in each section. Certainly, the requirements of section 125.15 of the Penal Law (manslaughter, second degree) were established—"recklessly causes the death"—were the jury so to interpret the evidence. In any event, the court refused the request of defense counsel to charge manslaughter, second degree as a lesser included count (CPL 300.50, subd 1) and of the District Attorney so to charge "in the interest of justice" under subdivision 2 of the same section, which requires— "[the court] must do so"—such a charge in the described circumstances. Instead, the court charged both murder, second degree, and manslaughter, first degree. This was manifest error, requiring a new trial on the charge of

homicide. As to the weapon charge, even if the testimony by the police officer technically constituted bolstering of the eyewitness testimony of its possession by defendant, "there is no significant probability in the light of the overwhelming proof that * * * this jury would have acquitted the defendant" of that count. (See *People v Crimmins,* 36 NY2d 230, 243.) Concur—Lupiano, J. P., Birns, Lane, Markewich and Sandler, JJ.