■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY HOLLIDAY, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant's chief contention in his appeal from a judgment after conviction by a jury of manslaughter in the second degree (Penal Law, § 125.15) is that while the proof might have sustained a conviction for criminally negligent homicide (Penal Law, § 125.10), it does not sustain a conviction for manslaughter in the second degree and that the judgment should be modified accordingly. Defendant was indicted for murder in the second degree (Penal Law, § 125.25) for intentionally causing the death of Swindell Chestnut, III, by stabbing him on November 7, 1976. There was testimony, which if credited, would have sustained a finding by the jury that the defendant, without justification and with the intention of causing death or serious injury, stabbed Chestnut with his knife (having a blade six and one-half inches long) and caused a single wound in the victim's chest seven and one-half inches deep. Defendant's testimony, however, was that three boys (one of whom was Chestnut) had attacked him and pushed him against a wall where one of them held a broken bottle to his neck. He pulled a knife from his pocket, swung it in "a back and forth motion" in a "self defense manner" in an attempt to scare his assailants away. Defendant stated that he did not intend to stab anyone and was not aware he had done so until after the police had picked him up. The court, in its instructions to the jury, in addition to submitting the crime of intentional murder, submitted, as requested by defendant, the lesser included offenses of manslaughter in the first degree, manslaughter in the second degree, and criminally negligent homicide. Defendant's contention that the evidence could only support a conviction for criminally negligent homicide is without merit. The distinction between manslaughter in the second degree, and criminally negligent homicide lies in the defendant's awareness of the risk. "If he failed to perceive the substantial and unjustified risk of death inherent in his act, he is guilty of criminally negligent homicide (Penal Law, § 125.10). But if he

was aware of the grave risk of death and acted in disregard of it, he acted recklessly (Penal Law, § 15.05, subd 3) and is guilty of manslaughter in the second degree (Penal Law, § 125.15, subd 1)". *(People v Montanez,* 41 NY2d 53, 56.) The record amply supports the conclusions that defendant, who by his own admission slashed with a long-bladed knife in close proximity to a group of people, was aware that his conduct involved substantial and unjustifiable risk of death and that the defendant acted in disregard of that risk (Penal Law, § 15.05, subds 3, 4; see *People v Montanez, supra; People v Cruciani,* 36 NY2d 304; *People v Stridiron,* 33 NY2d 287; *People v Garcia,* 64 AD2d 555; *People v Guarino,* 56 AD2d 638, 639). Moreover, where, as here, the evidence is sufficient to support convictions for intentional murder and manslaughter in the first degree, and the defendant has requested a charge down to manslaughter in the second degree, he may not, on appeal, complain that the·evidence will not sustain a conviction of the lesser charge. (See *People v Legacy,* 4 AD2d 453; cf. *People v Foster,* 19 NY2d 150.) There is no merit to defendant's other contention on appeal. (Appeal from judgment of Erie Supreme Court—manslaughter, second degree.) Present—Simons, J. P., Hancock, Jr., Callahan, Witmer and Moule, JJ.