■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS SIMPSON, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Aldrich, J.), rendered July 30, 1981, convicting him of criminal facilita-

tion in the fourth degree, upon a jury verdict, and imposing sentence. By decision and order of this court dated January 14, 1991 [169 AD2d 741], the matter was remitted to the County Court, Westchester County, for a hearing to determine whether the defendant requested or acquiesced in the charge to the jury permitting it to consider the defendant's guilt of the crime of criminal facilitation in the fourth degree, and the appeal was held in abeyance pending receipt of a report. The County Court, Westchester County (Silverman, J.), has now submitted its report to this court.

Ordered that the judgment is affirmed.

Since the defendant was not indicted for criminal facilitation in the fourth degree, the only crime of which he was convicted, it had to have been charged as a lesser included offense. However, a comparative evaluation of the two operative statutes, rape in the first degree (Penal Law § 130.35) and criminal facilitation in the fourth degree (Penal Law § 115.00 [1]) reveals that the latter crime is not a lesser included offense of the former. It is theoretically possible to commit rape in the first degree without intending to aid anyone else in the commission of a felony *(see, People v Glover,* 57 NY2d 61; *People v Weissinger,* 104 AD2d 917).

It is error for the trial court to consider or submit to the jury a crime arising out of a criminal transaction that is not, in fact, a lesser included offense of a crime for which the defendant had been indicted, arising out of that transaction, unless the defendant, by acquiescing in or affirmatively requesting the lesser charge, waives his right to complain of the trial court's error *(People v Ford,* 62 NY2d 275). There is now no question that the defendant's trial counsel requested the criminal facilitation charge. Thus, the defendant has waived appellate review of the error.

We have considered the defendant's remaining contentions and find that they do not warrant reversal. Mangano, P. J., Rosenblatt, Miller and Ritter, JJ., concur.