[750 NYS2d 230]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR MILLS, Appellant.

Fourth Department, November 15, 2002

### APPEARANCES OF COUNSEL

*Frank J. Nebush, Jr., Public Defender,* Utica (*Esther Cohen Lee* of counsel), for appellant.

*Michael A. Arcuri, District Attorney,* Utica (*Carl J. Boykin* of counsel), for respondent.

### OPINION OF THE COURT

GORSKI, J.

The principal issue on this appeal is whether defendant waived the statute of limitations applicable to criminally negligent homicide (Penal Law § 125.10) by requesting that County Court charge that crime as a lesser included offense of murder in the second degree (§ 125.25 [2] [depraved indifference murder]), for which there is no statute of limitations. We conclude that, by requesting that the lesser included offense be charged, defendant thereby waived any statute of limitations defense with respect to that crime.

In 2000, defendant was indicted for murder in the second degree arising from the drowning death of the 12-year-old victim in 1978. According to the indictment, defendant pushed the victim off a pier, causing him to hit his head on the concrete pier before falling into the water and submerging, and thereafter abandoned him under circumstances creating a grave risk

of death. Defendant contended at trial that the victim had emerged from the water after defendant had pushed him off the pier and that the victim, who was an epileptic and on seizure medication, had later drowned because of a seizure. The victim's death was ruled an accident by the Coroner in 1978 but in 1999 defendant's brother caused an investigation into the victim's death by informing the police of what he believed had actually occurred in 1978. As a result of that investigation, defendant was indicted in 2000 for murder in the second degree. However, following the jury trial, defendant was convicted of criminally negligent homicide as a lesser included offense of murder in the second degree.

Defendant contends that, inasmuch as the alleged crime occurred in 1978, he was charged with murder in the second degree in order to circumvent the statute of limitations applicable to criminally negligent homicide. In New York, there is no statute of limitations for depraved indifference murder, a class A-I felony (*see* CPL 30.10 [2] [a]), while there is a five-year statute of limitations for criminally negligent homicide, a class E felony, which commences from the date of commission of the crime (*see* 30.10 [2] [b]). Defendant was indicted in 2000, long after the statute of limitations had run on criminally negligent homicide. During the final charge conference, defendant requested a charge-down to the lesser included offense of criminally negligent homicide, and the court granted that request.

In a case decided in 1901, it was determined that, "upon an indictment for any offense consisting of different degrees, the jury may find the accused guilty of any degree of such offense inferior to that charged" (*People v Austin*, 63 App Div 382, 385, *affd on op below* 170 NY 585), and the statute of limitations applied to "*the indictment* on which the defendant was arraigned and tried, and not to the minor grade of offence for which he might be found guilty on the trial for the higher grade of crime for which the grand jury accused him" (*id.* at 386). Later, in *People v Legacy* (4 AD2d 453, 455), it was determined that where defendant accepted the benefit of "instructions to a jury allowing it to find lesser degrees of crime * * * [h]e ought not be allowed to take the benefit of the favorable charge and complain about it on appeal." In *People v Holliday* (74 AD2d 993, 994), this Court wrote that, where "defendant has requested a charge down" from murder in the second degree to criminally negligent homicide, he may not "on appeal, complain that the evidence will not sustain a conviction of the lesser

charge." In addition, where a defendant requests a lesser charge or acquiesces in it, he is deemed to have waived the right to contend on appeal that the court erred in charging that lesser offense although it is not in fact a lesser included offense (*see People v Simpson*, 175 AD2d 851, 852, *lv denied* 79 NY2d 832).

■ Here, we conclude that, by requesting that the court charge criminally negligent homicide, defendant waived any statute of limitations defense applicable to that crime, defendant having accepted "the benefit of general instructions to a jury allowing it to find lesser degrees of crime" (*Legacy*, 4 AD2d at 455) and thereby substantially reducing "the range of sentence which the court could impose" (*People v Foster*, 19 NY2d 150, 153). A "Statute of Limitations defense is not a non-waivable constitutional or jurisdictional right, for unless the defense is asserted the People are not put to their burden of demonstrating that the action is timely" (*People v Dickson*, 133 AD2d 492, 495; *see also People v Kohut*, 30 NY2d 183, 186; *People v Verkey*, 185 AD2d 622, 624; *People v De Pillo*, 168 AD2d 899, *lv denied* 78 NY2d 965). The fact that defendant attempted to reserve his statute of limitations defense while at the same time affirmatively requesting the lesser charge is of no moment. Having requested the lesser charge, he thereby waived his right to challenge the timeliness of that lesser charge on appeal (*see generally People v Richardson*, 88 NY2d 1049, 1051; *People v Orengo*, 283 AD2d 377).

Moreover, contrary to defendant's contention, the evidence before the grand jury was sufficient to support the charge of depraved indifference murder (*see People v Mayo*, 36 NY2d 1002, 1005), and the evidence before the jury at trial was legally sufficient to have sustained a conviction of that charge (*see Holliday*, 74 AD2d at 993-994). At the grand jury, there was testimony that defendant, who was then 17 years old, pushed the 12-year-old victim from a pier into a lake, that the victim hit his head and did not surface, that defendant knew the victim had not surfaced, and that defendant did nothing to attempt to save the victim. In addition, there was testimony that defendant lied to others who were present so that they would not attempt to save the victim. Essentially identical testimony was presented at trial. Because the evidence may be viewed as establishing that defendant appreciated the risk to the victim of his actions and inaction, defendant was properly indicted for depraved indifference murder, and the evidence at trial was legally sufficient to have sustained a conviction of that crime.

■ Defendant's remaining contentions are similarly lacking in merit. The court properly determined that the inculpatory statements made by defendant to his wife in 1999 were not protected by the spousal privilege set forth in CPLR 4502 (b). In making statements to his wife concerning the crime and in stating to her, "I've killed before, and I'll do it again," defendant was physically and verbally threatening her. Those inculpatory communications, therefore, cannot be said to have been made in absolute confidence "induced by [ ] the marital relationship" (*People v Melski*, 10 NY2d 78, 80), nor were they "prompted by the affection, confidence and loyalty engendered by such relationship" (*People v Edwards*, 151 AD2d 987, 987 [internal quotation marks omitted], *lv denied* 74 NY2d 808).

Also contrary to defendant's contention, no court order was required to compel the grand jury testimony of defendant's wife. She was given an opportunity prior to her testimony to consult with counsel (*see People v Ianniello,* 21 NY2d 418, 424-425, *rearg denied* 20 NY2d 1040, *cert denied* 393 US 827) and she thereafter did not refuse to testify (*see Matter of Beach v Shanley,* 62 NY2d 241, 248). At trial, when defendant's wife refused to testify and "could not recall" some of the details of her prior testimony regarding defendant's inculpatory statements, the court properly permitted the People to treat her as a hostile witness (*see People v Davis,* 163 AD2d 826, 826-827, *lv denied* 76 NY2d 939) and to question her with respect to those prior sworn statements (*see* CPL 60.35 [1]). In addition, the court properly admonished the jury that such questioning was for the "sole purpose of evaluating credibility" and that the prior testimony of defendant's wife was not to be considered "legal evidence in this case" (*see* 60.35 [2]; *cf. People v Patterson*, 203 AD2d 597, 598).

■ We reject defendant's contention that the sentence of 1⅓ to 4 years is unduly harsh or severe. Lastly, we conclude that the court did not abuse its discretion in declining to grant defendant the youthful offender status for which he was eligible when the crime was committed in 1978 (*cf. People v Torres*, 238 AD2d 933, 934).

Accordingly, we conclude that the judgment should be affirmed.

SCUDDER, J. (dissenting). We respectfully dissent. In our view, reversal is required because the crime of which defendant was convicted was barred by the statute of limitations. Contrary to the conclusion of the majority, defendant did not waive the statute of limitations defense, either explicitly or by

requesting that criminally negligent homicide (Penal Law § 125.10), the crime of which he was convicted, be charged to the jury as a lesser included offense of murder in the second degree (§ 125.25 [2] [depraved indifference murder]).

It is well established that, in this state, the failure to commence a prosecution within the statute of limitations is not a jurisdictional defect and is therefore waivable (*see People v Kohut,* 30 NY2d 183; *People v Verkey,* 185 AD2d 622, 624; *People v Dickson,* 133 AD2d 492, 494-495). Here, County Court advised defendant that, if it charged the lesser included offense of criminally negligent homicide, a charge requested by defendant, it would proceed with sentencing if defendant were convicted of that crime. The court further advised defendant that, in the event of a conviction of that crime, it would refuse to entertain a postjudgment motion to dismiss the count or to set aside the verdict on the ground that the conviction is barred by the statute of limitations. Defense counsel stated that, although defendant understood the manner in which the court intended to proceed, defendant was not waiving the statute of limitations defense and, indeed, was explicitly reserving his right to raise that defense on appeal in the event of a conviction of criminally negligent homicide. The court thereupon proceeded to instruct the jury on the lesser included offense (*cf. People v Le Grand,* 61 AD2d 815, 816, *cert denied* 439 US 835). Thus, in our view, although defendant could have waived the defense of the statute of limitations, he did not do so here.

We cannot agree with the majority's conclusion that defendant's request for the charge on the lesser included offense constituted a waiver of the statute of limitations defense. Because criminally negligent homicide is a lesser included offense of depraved indifference murder, and a reasonable view of the evidence supports a finding that defendant committed the lesser offense and not the greater offense (*see* CPL 300.50 [1]), the court was *required* by CPL 300.50 (2) to charge the lesser included offense once it was requested by defendant (*cf. Le Grand,* 61 AD2d at 816). The majority in effect concludes that, because the court complied with CPL 300.50 (2) by charging the lesser included offense requested by defendant, defendant thereby waived his right to raise the statute of limitations defense. The majority bases its conclusion on the premise that defendant "benefitted" from having the jury consider the lesser charge. In our view, the case law relied upon by the majority does not support its position and is not dispositive of the issue.

The majority correctly notes that a defendant waives his

right to contest the sufficiency of the proof if he requests a charge to a lesser included offense and is convicted of that offense (*see People v Holliday,* 74 AD2d 993, 994; *People v Legacy,* 4 AD2d 453, 455); by requesting the charge, defendant concedes that there is sufficient evidence to support the conviction of the lesser included offense. The majority also correctly notes that a defendant waives his right to contest a conviction by failing to object when the court charges an offense that is not in fact a lesser included offense (*see People v Simpson,* 175 AD2d 851, 852, *lv denied* 79 NY2d 832; *see also People v Ford,* 62 NY2d 275, 281). The rationale for that principle is that a court should be advised of its error while it has an opportunity to correct it (*see generally People v Gray,* 86 NY2d 10, 19). We further note that the Court of Appeals in *People v Foster* (19 NY2d 150, 153), relied upon by the majority, held that defendant waived his right to appeal from a judgment convicting him upon a knowing and voluntary plea to the nonexistent crime of attempted manslaughter in the second degree where the plea was in satisfaction of an indictment charging defendant with manslaughter in the first degree. In *Foster,* "the range of sentence which the court could impose was cut in half" (*id.*) and the defendant was no longer subject to prosecution for the higher crime. Here, however, defendant does not object to the sufficiency of the evidence; he does not contend that criminally negligent homicide is not in fact a lesser included offense of depraved indifference murder; and he did not plead guilty to a lesser included offense or a nonexistent crime. Thus, we conclude that the cases upon which the majority relies do not support the majority's conclusion that defendant waived the statute of limitations defense by virtue of the fact that he "benefitted" from the court's charge to the jury on the lesser included offense. Certainly defendant's request for the court to do what it is required by statute to do cannot be deemed to result in defendant's waiver of the statute of limitations. We therefore conclude that on these facts defendant did not waive the statute of limitations defense.

Because we conclude that the statute of limitations defense was not waived by defendant, we further conclude that the judgment of conviction must be reversed. The jury found that in 1978 defendant engaged in conduct that constituted the offense of criminally negligent homicide. It is undisputed that defendant could not be charged with that offense because of the expiration of the statute of limitations. Moreover, the People properly concede that, absent a waiver of the statute of limitations defense by defendant, they could not request a

charge to the lesser included offense of criminally negligent homicide because defendant's conviction of that lesser included offense would be subject to the statute of limitations defense.

Although there is a dearth of case law on this issue, it has long been the law in this state that "[a] conviction cannot rest on time-barred charges" (*People v Hughes,* 220 AD2d 529, 532; *see People v Di Pasquale,* 161 App Div 196, 196-197; *see also Le Grand,* 61 AD2d at 816; *People v Gulston,* 181 Misc 2d 644, 648). In 1914 the Third Department reversed a judgment convicting defendant of the lesser included offense of attempted murder, for which the statute of limitations had expired, concluding that "defendant is absolved from prosecution for the attempt to commit" the murder and thus "the lapse of time prevents a conviction for any other crime in connection with the death" except murder (*Di Pasquale,* 161 App Div at 198). We agree with the eloquent discussion of Justice Jenks, in his 1901 concurring opinion in *People v Austin* (63 App Div 382, 389-391, *affd* 170 NY 585), wherein he wrote:

"Why should the State enact a statute of limitations upon direct procedure, and thereby afford immunity for a crime, and yet permit punishment for the same crime by the indirect procedure of an accusation of a different crime? I can see no reason in the public policy that permits punishment for a crime when proven upon the trial of an indictment for a different crime, and yet prohibits punishment for that crime when sought by a direct indictment therefor. * * *

" '[T]he State is * * * surrendering by act of grace its right to prosecute, and declaring the offen[s]e to be no longer the subject of prosecution. The statute [of limitations] is not a statute of process, to be scantily and grudgingly applied, but an amnesty declaring that after a certain time oblivion shall be cast over the offen[s]e * * *. Hence it is that statutes of limitation[s] are to be liberally construed in favor of the defendant, not only because such liberality of construction belongs to all acts of amnesty and grace, but because the very existence of the statute is a recognition and notification by the legislature of the fact that time, while it gradually wears out proofs of innocence, has assigned to it fixed and positive periods in which it destroys

proofs of guilt. \* \* \* [The statutes of limitations]
are not merely acts of grace, but checks imposed by
the State upon itself to exact vigilant activity from
its subalterns, and to secure for criminal trials the
best evidence that can be obtained.' "

The purpose of the statute of limitations has not changed with time (*see generally People v Seda,* 93 NY2d 307, 311).

Accordingly, because defendant did not waive the statute of limitations defense and a "conviction cannot rest on time-barred charges" (*Hughes,* 220 AD2d at 532), we conclude that the judgment of conviction should be reversed.

WISNER and BURNS, JJ., concur with GORSKI, J.; SCUDDER, J., and PIGOTT, JR., P.J., dissent and vote to reverse in a separate opinion by SCUDDER, J.

It is hereby ordered that the judgment so appealed from be and the same hereby is affirmed.