■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK JOHNSON, Appellant. [859 NYS2d 411]—

Judgment, Supreme Court, New York County (Charles H. Solomon, J., on suppression motion; Phillip M. Grella, J., at jury trial and sentence), rendered September 9, 2004, convicting defendant of criminal possession of a weapon in the second degree and two counts of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 13 years, 7 years and 3¹/₂ to 7 years, respectively, unanimously affirmed.

Following our remittitur to Supreme Court for a *Mapp/Dunaway* hearing (42 AD3d 341 [2007]), the court conducted such a hearing, and it properly denied the motion to suppress. The evidence presented at the hearing was substantially similar to the trial evidence recounted in our prior decision. The hearing evidence also established that defendant was sweating very heavily as he frantically banged on the door. Although defendant's clothing differed from any of the clothing descriptions the police had received regarding an armed man, the police were also aware of reports that the dispute involved multiple

armed men, and they reasonably suspected that defendant was one of them. Defendant's behavior, and, in particular, his direction of flight as compared with that of other persons at the scene, suggested that, unlike the others, he was fleeing from the police rather than escaping from danger. Accordingly, the police were entitled to forcibly detain defendant (*see People v Casado*, 43 AD3d 758 [2007], *lv denied* 9 NY3d 1005 [2007]). Once defendant reached for his waistband, the officers' suspicions became even more elevated, providing them with further justification for conducting a pat down.

Turning to the issues defendant raised on his original appeal, which we held in abeyance pending a suppression hearing, we find no basis for reversal. The trial court properly exercised its discretion in precluding, on the ground of excessive remoteness, evidence offered to establish a motive for the police to fabricate (*see People v Thomas*, 46 NY2d 100, 105 [1978], *appeal dismissed* 444 US 891 [1979]), and this ruling did not deprive defendant of any constitutional right (*see Crane v Kentucky*, 476 US 683, 689-690 [1986]; *Delaware v Van Arsdall*, 475 US 673, 678-679 [1986]). Although the trial court erred in ruling that defendant's testimony opened the door to a modification of its prior ruling that had precluded the prosecutor from questioning defendant about uncharged drug crimes, the error was harmless in light of the overwhelming evidence of defendant's guilt (*see People v Crimmins*, 36 NY2d 230 [1975]).

We perceive no basis for reducing the sentence. Defendant's remaining claims relating to his sentence are without merit. Concur—Tom, J.P., Mazzarelli, Friedman, Williams and Sweeny, JJ.