# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1185**
**KA 12-00250**
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

CHRISTEN DOWDELL, DEFENDANT-APPELLANT.

---

PHILLIPS LYTLE LLP, BUFFALO (SPENCER L. DURLAND OF COUNSEL), FOR
DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (ROBERT J. SHOEMAKER OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County
(Daniel J. Doyle, J.), rendered December 5, 2011. The judgment
convicted defendant, upon a jury verdict, of assault in the second
degree.

It is hereby ORDERED that the judgment so appealed from is
unanimously reversed on the law and a new trial is granted.

Memorandum: Defendant was convicted following a jury trial of
assault in the second degree (Penal Law § 120.05 [3]) for causing
physical injury to a police officer who attempted to arrest him on a
parole warrant inside a crowded bar. The arresting officer broke a
bone in his hand while punching defendant repeatedly in the head and
face, but only after defendant had punched him first and resisted
arrest on the warrant. Another officer joined the fray and defendant
was eventually handcuffed and placed under arrest. We conclude that
Supreme Court made two erroneous evidentiary rulings that deprived
defendant of his right to a fair trial.

As a preliminary matter, we reject defendant's contention that
the court erred in admitting evidence of certain prior bad acts, i.e.,
possession of a handgun, scuffling with a police officer, and fleeing
from another police officer. We conclude that the court properly
admitted that evidence as necessary "background information to explain
the police actions" in this case (*People v Morris*, 21 NY3d 588, 595;
*see generally People v Tosca*, 98 NY2d 660, 661). Without the evidence
in question, the jurors would have wondered why the arresting officer,
who had personal knowledge of the prior bad acts, felt it necessary to
assemble 20 police officers to arrest defendant on the parole warrant
inside the bar.

We agree, however, with defendant's further contention that,

although the court properly permitted the People to present evidence of the fact that he was on parole at the time of his arrest, the court erred in permitting the People to detail that he was on parole for a conviction of attempted criminal possession of a controlled substance in the third degree. The specific crime of which defendant was convicted does not constitute necessary background information, and it does not fit within any other recognized exception to the *Molineux* rule, i.e., motive, intent, identity, absence of mistake, or common plan or scheme (*see generally People v Allweiss*, 48 NY2d 40, 46-47).

In addition, we agree with defendant that the court erred in ruling that defense counsel opened the door to the admission of additional evidence of uncharged crimes and prior bad acts that the court had initially precluded by an earlier determination. During his direct examination, the arresting officer testified without objection that he had seen defendant more than "a hundred times" prior to the night in question, and that he had between 50 and 75 interactions with defendant. On cross-examination, defense counsel asked the officer whether he had prepared Field Information Forms (FIFs) with respect to his interactions with defendant, as purportedly required by a general order of the Rochester Police Department, and the officer answered that he had not, but with an explanation. Upon the People's request, the court thereafter allowed the officer to testify on redirect examination as to the specific nature of his interactions with defendant, ruling that defense counsel had opened the door to such evidence. The officer then testified to various illegal activities in which he believed defendant to have been engaged at the time of those interactions.

Contrary to the People's contention, defense counsel did not challenge on cross-examination the officer's credibility on the issue whether such prior interactions with defendant took place, thereby permitting the officer to fully explain the nature of the interactions (*see generally People v Melendez*, 55 NY2d 445, 451-452; *People v Regina*, 19 NY2d 65, 78). Instead, the record establishes that defense counsel's line of questioning about the FIFs was meant to show the jury that the officer failed to follow proper police procedure with respect to his prior interactions with defendant, which supported the overall defense theory that the officer failed to follow proper police procedure when he arrested defendant on the parole warrant. Because the officer explained on cross-examination why he did not complete FIFs with respect to his prior interactions with defendant, the court erred in ruling that defense counsel opened the door to further explanation of the interactions on redirect examination (*see generally People v Johnson*, 51 AD3d 508, 509, *lv denied* 11 NY3d 738; *People v Ramos*, 27 AD3d 1073, 1074, *lv denied* 6 NY3d 897).

Finally, we conclude that the above two errors cannot be deemed harmless inasmuch as the proof of guilt was not overwhelming (*see generally People v Grant*, 7 NY3d 421, 424; *People v Crimmins*, 36 NY2d 230, 241-242).

In light of our determination, we need not address defendant's remaining contentions, none of which, if meritorious, would result in

dismissal of the indictment.