People v Sylvester (2020 NY Slip Op 06891)





People v Sylvester


2020 NY Slip Op 06891


Decided on November 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND BANNISTER, JJ.


751 KA 16-01619

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOACHIM SYLVESTER, DEFENDANT-APPELLANT. 






EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER (BRIAN SHIFFRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.
CAROLINE A. WOJTASZEK, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Niagara County Court (Matthew J. Murphy, III, J.), rendered December 8, 2015. The judgment convicted defendant upon a jury verdict of attempted murder in the second degree and criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed as a matter of discretion in the interest of justice and on the law and a new trial is granted.
Memorandum: Defendant appeals from a judgment that convicted him upon a jury verdict of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [3]). We reject defendant's contention that the verdict is against the weight of the evidence. Although a different verdict would not have been unreasonable, we conclude that, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 348-349 [2007]), it cannot be said that the jury failed to give the evidence the weight it should be accorded (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
We agree with defendant, however, that County Court erred by permitting the prosecutor to present evidence of a prior uncharged shooting under the theory that defense counsel opened the door to such evidence (see People v Massie, 2 NY3d 179, 183 [2004]; People v Melendez, 55 NY2d 445, 452 [1982]). The charges against defendant arose from an incident involving a shooter who had previously been seen driving a silver SUV and who, among other things, fired at least once at the victim as the victim was entering the passenger side of a Chevy Trailblazer in which the victim's girlfriend was the driver. Nonetheless, at trial the prosecution was permitted to submit evidence to the jury that, two days before that charged incident, a neighbor of the victim's girlfriend heard gunshots on the street and observed an individual getting into a silver SUV, which had been parked behind the Trailblazer, before both vehicles drove away.
Contrary to the People's contention, the cross-examination of a law enforcement witness by defense counsel did not create a misleading impression that projectile holes found in the driver's side of the Trailblazer occurred during the charged shooting (cf. People v Singh, 147 AD3d 787, 787 [2d Dept 2017], lv denied 29 NY3d 1037 [2017]). In response to defense counsel's questions, the witness confirmed that the projectile holes in the driver's side were "older" and were made possibly days or weeks before the charged shooting. Inasmuch as the witness explained on cross-examination that the projectile holes in the driver's side of the Trailblazer existed prior to the charged shooting and no evidence from that or any other witness suggested otherwise, the court erred in ruling that defense counsel opened the door to further explanation regarding the projectile holes (see People v Dowdell, 133 AD3d 1345, 1346-1347 [4th Dept 2015]).
Even assuming, arguendo, that defense counsel opened the door to further explanation, [*2]we note that "[t]he 'opening the door' theory does not provide an independent basis for introducing new evidence on redirect; nor does it afford a party the opportunity to place evidence before the jury that should have been brought out on direct examination" (Melendez, 55 NY2d at 452; see Massie, 2 NY3d at 183-184). Instead that "principle merely allows a party to explain or clarify on redirect matters that have been put in issue for the first time on cross-examination, and the trial court should normally exclude all evidence which has not been made necessary by the opponent's case in reply" (Melendez, 55 NY2d at 452 [internal quotation marks and emphasis omitted]; see Massie, 2 NY3d at 183-184). Thus, even if a misleading impression had been created on cross-examination of the law enforcement witness, the court erred in permitting the People to supplement their direct case with the additional testimony of four witnesses regarding the prior shooting, including a firearms examiner who testified to his comparison of the shell casings collected from both the charged and the prior shooting, inasmuch as such evidence far exceeded that necessary to confirm for the jury that the projectile holes on the driver's side of the Trailblazer predated the charged shooting (see Melendez, 55 NY2d at 452-453). Further, as defendant contends, the court's improper admission of evidence of the prior shooting under the erroneous theory that defense counsel opened the door to such evidence is compounded by the absence of any pretrial notice of the People's intent to offer evidence of an uncharged crime or a Ventimiglia ruling on the admissibility of such evidence (see generally People v Ventimiglia, 52 NY2d 350, 359-360 [1981]). The error cannot be deemed harmless inasmuch as the proof of defendant's guilt is not overwhelming and it cannot be said that there is no significant probability that defendant would have been acquitted but for the error (cf. People v Paul, 78 AD3d 1684, 1684 [4th Dept 2010], lv denied 16 NY3d 834 [2011]; People v Lazcano, 66 AD3d 1474, 1476 [4th Dept 2009], lv denied 13 NY3d 940 [2010]; see generally People v Crimmins, 36 NY2d 230, 241-242 [1975]).
We agree with defendant's further contention that the prosecutor deprived him of a fair trial by improperly impeaching two of the People's own witnesses in violation of CPL 60.35. Although as defendant correctly concedes this contention is unpreserved for our review, we exercise our power to address it as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]). "If the trial testimony of a witness contradicts a prior sworn statement, but does not affirmatively damage the case of the party calling him [or her], the recollection of the witness may be refreshed with the prior inconsistent statement, but only in such a manner that does not disclose the contents of the statement to the jury" (People v Lawrence, 227 AD2d 893, 894 [4th Dept 1996]; see CPL 60.35 [3]; People v Reed, 40 NY2d 204, 207 [1976]). However, "[w]here a party has had no forewarning that his [or her] witness would testify in an inconsistent manner upon a material issue of the case which tends to disprove the position of such party, [CPL 60.35 (1)] permits impeachment of such witness with a prior inconsistent written or sworn statement" (People v Davis, 112 AD2d 722, 723 [4th Dept 1985], lv denied 66 NY2d 918 [1985]; see People v Fitzpatrick, 40 NY2d 44, 52-53 [1976]).
Here, the prosecutor was amply warned that each of the relevant witnesses would testify as she ultimately did, i.e., that the first witness would identify someone other than defendant as the shooter appearing on video surveillance of the charged shooting and that the second would give no more than a qualified answer that the shooter on the video could be defendant. The prosecutor therefore assumed the risk of the adverse testimony by "calling the witness[es] . . . in the face of the forewarning" (Fitzpatrick, 40 NY2d at 52). Further, at the time of the relevant questioning, the court had not granted the prosecutor permission to treat either witness as hostile (cf. People v Mills, 302 AD2d 141, 145 [4th Dept 2002], affd 1 NY3d 269 [2003]). Thus, the prosecutor improperly "use[d the] prior statement[s] for the purpose of refreshing the recollection of the witness[es] in a manner that disclose[d their] contents to the trier of the facts" (CPL 60.35 [3]).
Based on the foregoing, we reverse the judgment and grant a new trial. In light of our conclusions, defendant's remaining contentions are academic.
Entered: November 20, 2020
Mark W. Bennett
Clerk of the Court