People v Sanchez (2022 NY Slip Op 06767)

People v Sanchez

2022 NY Slip Op 06767

Decided on November 29, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 29, 2022

Before: Manzanet-Daniels, J.P., Moulton, González, Rodriguez, Higgitt, JJ. 

Ind. No. 4004/12 Appeal No. 16777 Case No. 2016-1318 

[*1]The People of the State of New York, Respondent,
v
Jeremy Sanchez, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Denise Fabiano of counsel), and Boies Schiller Flexner LLP, New York (Erica N. Sweeting of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Sheila O'Shea of counsel), for respondent.

Judgment, Supreme Court, New York County (Laura A. Ward, J. at suppression hearing; Ruth Pickholz, J. at jury trial and sentencing), rendered October 7, 2015, as amended November 24, 2015, convicting defendant of murder in the second degree and criminal possession of a weapon in the second degree (two counts), and sentencing him to an aggregate term of 25 years to life, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the surcharge and fees imposed at sentencing, and otherwise affirmed.
The court properly denied defendant's motion to suppress evidence as the fruit of an allegedly unlawful seizure. A combination of factors provided reasonable suspicion that justified a brief detention of defendant for purposes of identification (see People v Allen, 73 NY2d 378, 379-380 [1989]), even if each factor was equivocal when viewed in isolation. At about 2:35 a.m., immediately after hearing a report of shots fired and a "group" of fleeing youths, a plainclothes officer accompanied by two partners, also in plainclothes, saw defendant and another male teenager running together in a place consistent with the report. The teenagers were looking over their shoulders as they ran, and there was no other group of youths, or anyone else running, in the area. The youths looked at the unmarked police car and slowed to a walk, causing the officer to reasonably suspect that they had recognized the police officers as such and were slowing down to avert suspicion. In addition, before any seizure occurred, the officer's partner told him that defendant was holding his waistband (see People v Echols, 158 AD3d 575, 576 [1st Dept 2018], lv denied 31 NY3d 1081 [2018]). The totality of the observed "behavior provided reasonable suspicion that the reason for [their] flight was [their] involvement in the shooting" (People v Wingfield, 88 AD3d 537, 537 [1st Dept 2011], lv denied 18 NY3d 863 [2011]; People v Johnson, 51 AD3d 508, 509 [1st Dept 2008], lv denied 11 NY3d 738 [2008]). Reasonable suspicion was not undermined by the fact that the report involved a "group," while defendant was accompanied by only one other person. As the officer testified, a fleeing group may break up to avoid detection.
Furthermore, after defendant was stopped, but before the investigative detention that he claims to have been excessive and tantamount to an arrest, the level of suspicion increased because defendant falsely stated that he had not been running. Although defendant and the other youth were then handcuffed and placed sitting on the ground, these were reasonable "precautionary measures" to prevent defendant from fleeing before the reporting officer could arrive to make an identification, and this "did not elevate the detention to an arrest" (People v Tiribio, 88 AD3d 534, 535 [1st Dept 2011], lv denied 18 NY3d 862 [2011]; see also People v Martinez, 147 AD3d 642, 643 [1st Dept 2017], lv denied 29 NY3d 1034 [2017]).
Defendant's arguments [*2]that his confessions were involuntary are unpreserved, and we decline to review them in the interest of justice. In the alternative, we reject them on the merits.
Defendant's contention that the court improperly limited counsel's questioning of prospective jurors is unpreserved, and we decline to review it in the interest of justice. Counsel's objection to the court's conduct of jury selection, made after the rounds of voir dire to which it pertained had been completed, was belated and lacking in specificity (compare People v Steward, 17 NY3d 104, 111-13 [2011]). Furthermore, defendant's claim regarding the court's time limits on questioning is unreviewable because the record does not clearly establish how much time counsel actually received. As an alternative holding, we find that the court complied with CPL 270.15 and providently exercised its broad discretion over jury selection (see id. at 110).
We perceive no basis for reducing the sentence. Based on our own interest of justice powers and the People's consent, we vacate the surcharge and fees imposed at sentencing (see People v Chirinos, 190 AD3d 434 [1st Dept 2021]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 29, 2022